**In re YANKEE DISTRIBUTING COMPANY INC. d/b/a Yankee Distributing Company of Vermont, Inc., Debtor.**

**Bankruptcy No. 84–89.**

United States Bankruptcy Court, D. Vermont.

July 29, 1985.

Douglas J. Wolinsky, Burlington, Vt., Trustee.

Mark Butterfield, Rutland, Vt., for George Jamieson.

Alan R. Medor, Rutland, Vt., for Frederick Trading Co.

## MEMORANDUM AND ORDER

CHARLES J. MARRO, Bankruptcy Judge.

Before the court is the motion of George Jamieson to allow the filing of a proof of claim after the bar date. The motion was opposed by the trustee and by Frederick Trading Company, an unsecured creditor. The matter came on regularly for a hearing. From the records in the case the following facts are established.

## FACTS

The debtor, Yankee Distributing Company of Vermont, Inc. (Yankee), filed under Chapter 11 of the Bankruptcy Code (Code) on May 18, 1984. The case was converted to a Chapter 7 liquidation on February 25, 1985.

During the pendency of the Chapter 11 proceeding, the instant claimant, George Jamieson (Jamieson), loaned $10,000.00 as working capital to the president of Yankee, and created $4,574.49 of trade debt for merchandise sold on open account to Yankee. On April 18, 1985, the debtor filed a schedule of Chapter 11 unsecured indebtedness reflecting the foregoing sums, as follows:

| Name of Creditor | Basis for Claim | Amount of Claim |
| --- | --- | --- |
| George Jamieson | loan | $10,844.26 |
| G. Jamieson Company | inventory | 4,574.49 |

Also on April 18th, the court apprised George Jamieson and G. Jamieson Company of the forthcoming first meeting of creditors in the chapter 7 case, which the court had fixed for April 23, 1985.

The bar date for filing of claims in the chapter 7 proceeding was June 18, 1985. Jamieson, a resident of Poultney, Vermont with a business address of Rutland, Vermont, prepared a proof of claim on June 12, 1985. The vice president of Yankee mailed Jamieson's proof of claim from the Poultney, Vermont post office on June 17, 1985. The court filed the proof of claim upon receipt on June 19, 1985.

## DISCUSSION

The proof of claim was filed when received and stamped by the clerk of the court. *See, e.g., In re Griffis*, 31 Bankr. 279 (Bankr.D.Vt.1983) (filing of document is effective on date it is received and filed by the clerk). In the instant case, the proof of claim was filed on June 19th, one day after the June 18th bar date.

In view of the objections of Frederick Trading Company and of the trustee to Jamieson's motion, the court may not extend the time for filing the instant claim. Long aware of the approaching bar date, Jamieson offered by way of explanation for late filing, that he had relied on the United States Post Office to timely deliver his proof of claim on June 18th. The evidence at hearing consisted solely of the following letter from the U.S. Postal Service postmaster of Poultney, Vermont, to the vice president of the debtor corporation, con-

cerning the mailing of the Jamiesons' proof of claim, by the vice president of the debtor, to the bankruptcy court:

> In response to your inquiry regarding a letter to the U.S. Bankruptcy Court which you mailed from this office:
>
> I have discussed this matter with the employee who was on duty at the time. She remembers the article in question being mailed on June 17, 1985. She advised me that you specifically asked if the article would be delivered in Rutland the following date, June 18, 1985, stating that it was extremely important. She advised you that it would be delivered the next day, as our service standards dictate.

The court would observe that Jamieson was noticed on April 18th as to the conversion of the Yankee reorganization case, that he prepared the proof of claim on June 12th, and that his misplaced reliance on the debtor's vice president to timely file his claim, and her misplaced reliance on the postal system to effectuate overnight delivery of the mailed claim, do not constitute a basis on which to extend the filing period.

This case is not like the case *In re Holzer*, 5 Bankr.Ct.Dec. 19 (S.D.N.Y.1979) for the reason that, there, the claims were filed late "due to no fault of petitioners [and] because of the oversight of their attorney ..." *Id.* at 20. Here, the claimant himself, acting through the debtor's vice president, occasioned the late filing.

Having shown neither cause for an extension of time to file the instant claim, nor excusable neglect occasioning the late filing of such claim, the instant "motion to allow filing of proof of claim out of time" must be denied.

## ORDER

NOW, THEREFORE, upon the foregoing, it is ordered, that the motion to permit late filing in this chapter 7 proceeding of the claim of George Jamieson and G. Jamieson Company is DENIED.