**In re BICOASTAL CORP. d/b/a Simuflite f/k/a the Singer Company, Debtor.**

Bankruptcy No. 89–8191–8P1.

United States Bankruptcy Court, M.D. Florida, Tampa Division.

May 14, 1990.

See also 111 B.R. 999, 117 B.R. 696, 135 B.R. 290.

Harley Riedel, Oppenheimer Wolff & Donnelly, for debtor.

James Gresser, U.S. Dept. of Justice, for U.S.

John Patrick, Jr., U.S. Attys. Office, for U.S.

Sarah L. Kistler, Asst. U.S. Trustee.

## ORDER ON MOTION TO ALLOW LATE FILING OF PROOFS OF CLAIM

ALEXANDER L. PASKAY, Chief Judge.

THIS IS a Chapter 11 reorganization case and the matter under consideration is a request by the United States of America (Government) seeking leave to file five (5) proofs of claim totalling in excess of $300 million. In its Motion the Government contends that while the claims were concededly filed one (1) day after the bar date, nevertheless the Government should be permitted to file these claims based on Bankruptcy Rule 3002(c)(3), Bankruptcy Rule 9006(a) or, in the alternative, Bankruptcy Rule 9006(b)(1). The Motion was heard in due course with notice to all parties of interest, at which time the Court heard argument of counsel, and having considered the relevant part of the record now finds and concludes as follows:

The voluntary petition for relief under Chapter 11 of the Bankruptcy Code was filed by Bicoastal Corp., d/b/a Simuflite, f/k/a the Singer Company (Debtor) on November 11, 1989.

On November 30, 1989, this Court entered an Order fixing December 31, 1989, initially, as the bar date time to file proof

of claims. On December 13, 1989 this Court entered an Order which disapproved the Disclosure Statement filed by the Debtor. The Order also extended the bar date for filing proofs of claim to January 31, 1990. The five claims under consideration were filed on February 1, 1990, or one (1) day after the expiration of the bar date.

On January 30, 1990, the Government transmitted the five proofs of claim from Washington, D.C., to the Clerk of this Court via Airborne Express for overnight delivery. If Airborne had delivered such proofs of claim to the Clerk on time as it contracted to do, they would have been filed on January 31, 1990, or prior to the expiration of the bar date. However, due to inclement weather in the northern half of the country and mechanical failures with Airborne's equipment, as noted earlier, the proofs of claim were not delivered to the Clerk of the Court until February 1, 1990, a day after the bar date fixed by the Order entered on December 13, 1990.

■ The Motion filed by the Government has requested this Court to exercise its discretion under Bankruptcy Rules 3003(c)(3), 9006(b)(1) and 9006(a) to allow late filing of the proofs of claim. The Government initially relies on Bankruptcy Rule 3002(c) and 9006(a). Bankruptcy Rule 3002(c)(3) permits the Court to extend the time within which proofs of claim may be filed. Enlargement of time under the Rules is governed by Bankruptcy Rule 9006(b)(1) and permits an enlargement of time if the request for the enlargement is made prior to the expiration of the period originally subscribed or, if made after the expiration of the prescribed time, the failure to act timely was due to excusable neglect.

Bankruptcy Rule 9006(a) provides that the last date of the period of time fixed by Order of the Court may be extended to the end of the next business day when weather or other conditions make the Clerk's Office inaccessible. In support of its Motion, the Government has filed an affidavit of the Station Services Manager for Airborne Express in Alexandria, Virginia. He has indicated that the package containing the proofs of claim was picked up from the United States Department of Justice in Washington, D.C. on January 30, 1990, and that delivery was promised on January 31, 1990. His affidavit further reveals that the delivery did not occur until February 1, 1990, and that the delay was caused by hazardous weather conditions at the hub of Airborne Express in Wilmington, Ohio, and several other major metropolitan areas in the northern and midwestern sections of the country. These weather problems, combined with a series of mechanical problems, caused lengthy delays in the delivery network on the day in question. The Government argues that inclement weather in the northern United States rendered the Tampa, Florida, Clerk's office inaccessible. This Court specifically rejects this proposition. Bankruptcy Rule 9006(a) was intended to extend the time period only when weather or a natural disaster physically prevents access to the Clerk's Office and not when the selected method of transmission of the filing fails to arrive at the Office of the Clerk for whatever reason. This is especially true in the present instance where the Government had 90 days to file the claims under consideration and waited until the very last day to file the claims. Certainly, the Government should not have waited until the day before the bar date to send its proofs of claim. The delay is especially troublesome in light of the fact that the proofs of claim filed by the Government are relatively simple and did not require extensive or protracted preparation time. However, it should also be noted that this case is in its embryonic stage and it is inconceivable that the Debtor will be able to prepare a disclosure statement or propose a plan until numerous highly contested claims are resolved in some manner in addition to the claims filed by the Government. Therefore, this Court holds that Bankruptcy Rule 9006(a) furnishes no support for the Motion filed by the Government.

■ This leaves for consideration Bankruptcy Rule 9006(b)(1). This Rule authorizes the Court in its discretion to enlarge the time period within which an act must

be done where the failure to timely act was the result of excusable neglect even if no motion was filed prior to the expiration of the period filed. The Government contends that its reliance on the Airborne delivery service was proper and reasonable and the time period should be extended by one day to allow filing of the proofs of claims. In addition, the Government argues that the one day could not possibly operate as a detriment to the Debtor. However, the presence or absence of detriment is not relevant to a decision as to whether or not to allow enlargement of the time period under Bankruptcy Rule 9006(b)(1). *In re South Atlantic Financial Corp.*, 767 F.2d 814 (11th Cir.1985).

Thus, the question remains whether relying upon Airborne Express to deliver proofs of claim by overnight delivery constituted excusable neglect in this instance. This Court is reluctant to accept without serious reservations the proposition that a claimant may choose to use an overnight delivery service to file its proofs of claim on the day before the bar date and then argue that the failure to timely deliver the proof of claim by the delivery service constituted excusable neglect on the part of the claimant. In the case of *In re Yankee Distributing Co., Inc.*, 53 B.R. 222 (Bkrtcy. 1985), the Bankruptcy Court rejected the contention of the Debtor that a claim filed one day late should be excepted from excusable neglect even though the record indicated that the claimant was assured by the postal service that the proof of claim would be delivered the next day according to the dictate of service standards of the United States Post Office. In *Yankee Distributing* the Court noted that the claimant was fully aware on April 18 that the Chapter 11 case was converted to a Chapter 7 liquidation case and waited until the last day to mail the proof of claim to the Bankruptcy Court. The vice-president of the company's reliance on the postal system to effectuate overnight delivery was misplaced. In the case of *Matter of Robintech, Inc.*, 863 F.2d 393 (5th Cir.1989), the Fifth Circuit had no difficulty to conclude that the allegedly improper address for notice did not excuse a late filing when the

comptroller of the State of Texas received at least thirteen (13) days notice of the bar date to file a proof of claim.

Nevertheless, based on the peculiar facts involved in this case and the reasons noted earlier, this Court is satisfied that it is appropriate to grant the Motion and permit the claims filed by the Government to stand as timely filed.

Accordingly, it is

ORDERED, ADJUDGED AND DE-CREED that the Motion to Allow Late Filing of Proofs of Claim filed by the United States of America be, and the same is hereby, granted. It is further

ORDERED, ADJUDGED AND DE-CREED that the time period within which proofs of claim may be filed be, and is hereby, extended nunc pro tunc as of February 1, 1990. It is further

ORDERED, ADJUDGED AND DE-CREED that the proofs of claim filed by the United States of America on February 1, 1990, be, and the same are hereby, deemed to have been filed timely provided, of course, it does not prejudice the Debtor's right to file appropriate Objections to such claims, if it is so deemed to be advised.

DONE AND ORDERED.