[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 11-10100

_____

Agency No. A070-585-405

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 17, 2012
JOHN LEY
CLERK

CHAO LIN, ET AL.,

Petitioners,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

On Petition for Review of an Order
of the Board of Immigration Appeals

_____

Before TJOFLAT, PRYOR and FAY, Circuit Judges.

PRYOR, Circuit Judge:

This appeal presents a jurisdictional issue of first impression: when is our

Court "inaccessible" within the meaning of Federal Rule of Appellate Procedure

26(a)(1) so as to extend the time for filing a petition for review of a decision of the Board of Immigration Appeals. Chao Lin and his wife, Xue Yun Lin, natives and citizens of China, petition for review of the denial of their third motion to reopen removal proceedings. After the Board denied their motion, the Lins had 30 days to file their petition for review in this Court, but the Lins filed their petition one day late. The Lins urge us to rule that their petition is timely because they paid a commercial parcel service to provide overnight delivery 29 days after the Board issued its decision and, but for a delay caused by inclement weather, the petition would have reached our Court on the day it was due. Although the government acknowledges that the Lins' petition is untimely, the government does not ask that we dismiss their petition. The government instead argues that the Board did not abuse its discretion by denying the Lins' third motion to reopen. Because we lack jurisdiction to consider an untimely petition for review and our Court was accessible on the day the Lins' petition was due, we dismiss the Lins' petition for lack of jurisdiction.

## I. BACKGROUND

To avoid deportation, Xue Yun Lin filed an application for asylum, withholding of removal, and protection under the Convention Against Torture on behalf of herself and her husband. Xue Yun asserted that she feared that she and

2

Chao would be persecuted if they returned to China because she had given birth to two children in violation of Chinese policy and she was pregnant with a third child. Xue Yun alleged that she would be forced by China to have an abortion and China would forcibly sterilize her. An immigration judge denied the Lins' application, and the Board of Immigration Appeals affirmed and ordered the Lins removed on September 18, 2006.

The Lins filed three unsuccessful consecutive motions to reopen their removal proceedings. On December 14, 2010, the Board affirmed the immigration judge's denial of the last of the Lins' motions to reopen on the ground that the motion was both untimely, 8 U.S.C. § 1229a(c)(7)(C)(i), and number-barred, id. § 1229a(c)(7)(A), and the Lins had failed to establish that they qualified for an exception based on changed country conditions, id. § 1229a(c)(7)(C)(ii).

The Lins petitioned our Court for review of the decision of the Board to deny their motion to reopen. On January 12, 2011, the Lins paid a commercial parcel service, Federal Express, to deliver their petition to this Court on January 13. On January 13, the Clerk's office delayed opening until 10:30 a.m., due to inclement weather, but the Clerk's office remained open until its standard closing time of 5 p.m. Federal Express delivered the Lins' petition on January 14.

## II. STANDARD OF REVIEW

3

"We review de novo our subject matter jurisdiction." Sanchez-Jimenez v. U.S. Att'y Gen., 492 F.3d 1223, 1231 (11th Cir. 2007). "[E]very federal appellate court has a special obligation to satisfy itself . . . of its own jurisdiction . . . even though the parties are prepared to concede it." Bender v. Williamsport Area Sch. Dist., 475 U.S. 534, 541, 106 S. Ct. 1326, 1331 (1986) (internal citation and quotation marks removed).

## III. DISCUSSION

We must determine whether the Lins' petition was timely because "the "statutory limit for filing a petition for review in an immigration proceeding is mandatory and jurisdictional" and "not subject to equitable tolling." Dakane v. U.S. Att'y Gen., 371 F.3d 771, 773 n.3 (11th Cir. 2004) (internal citation and quotation marks removed). The Immigration and Nationality Act provides jurisdiction for our Court to review an order denying a motion to reopen, Patel v. U.S. Att'y Gen., 334 F.3d 1259, 1261 (11th Cir. 2003), so long as the movant files a petition for review within 30 days of the decision of the Board, 8 U.S.C. § 1252(b)(1). A petition for review is filed when it is received by the Clerk of the Court. Fed. R. App. P. 25(a)(2)(A).

If the Clerk's office is "inaccessible . . . on the last day for filing . . . then the time for filing is extended to the first accessible day that is not a Saturday, Sunday,

or legal holiday." Fed. R. App. P. 26(a)(3)(A). The Clerk did not receive the Lins' petition until 31 days after the Board issued its order, so we lack jurisdiction to consider that petition unless the Clerk's office was "inaccessible" on the day the Lins' petition was due.

Inclement weather may make a court "inaccessible" within the meaning of Federal Rule of Appellate Procedure 26(a). The old version of the rule stated that, "in computing time, . . . the last day of the period is included 'unless it is a Saturday, Sunday, or legal holiday, or . . . a day on which the weather or other conditions make the clerk's office inaccessible.'" Yepremyan v. Holder, 614 F.3d 1042, 1043 (9th Cir. 2010). Although the new version of the rule omits the reference to "weather or other conditions" that may make the Clerk's office inaccessible, the Advisory Committee Notes explain that the "reference to 'weather' was deleted from the text to underscore that inaccessibility can occur for reasons unrelated to weather, such as an outage of the electronic filing system. Weather can still be a reason for inaccessibility of the clerk's office." Fed. R. App. P. 26 Advisory Committee's Note (2011).

Official closure of the Clerk's office for any reason makes that office "inaccessible," see, e.g., Keyser v. Sacramento City Unified Sch. Dist., 265 F.3d 741, 747 (9th Cir. 2001); Latham v. Dominick's Finer Foods, 149 F.3d 673, 674

(7th Cir. 1998), abrogated on other grounds, Hart v. Sheahan, 396 F.3d 887 (7th Cir. 2005); Tel. & Data Sys. v. Amcell F Atlantic City, Inc., 20 F.3d 501, 501–02 (D.C. Cir. 1994), but whether a clerk's office may be considered "inaccessible" when it is open for business is another matter. Two of our sister circuits have interpreted Federal Rule of Civil Procedure 6(a) to mean that the deadline for filing is extended on "any day on which the district court is . . . inaccessible as a practical matter without heroic measures." Latham, 149 F.3d at 674; see also U.S. Leather, Inc. v. H & W Partnership, 60 F.3d 222, 226 (5th Cir. 1995). United States Leather involved an attorney who was unable to file a post-trial motion on the day it was due because an ice storm had terminated electrical and telephone service "in the surrounding area of the courthouse." U.S. Leather, 60 F.3d at 226. Travel to the courthouse was "dangerous, difficult, or impossible," and the attorney was "was physically unable to leave his home during the storm due to felled trees and power lines." Id. "Further, due to the loss of power to the area, the motions were trapped inside [the attorney's] computer at his office." Id. Latham involved a clerk's office that was closed on the day after Christmas by a court order. Latham, 149 F.3d at 674. Other federal courts have read a similar rule, Federal Rule of Bankruptcy Procedure 9006(a), to mean that total closure may be necessary to extend the time for filing. See In re Hotel Syracuse, Inc. v.

6

Syracuse Indus. Dev. Agency, 154 B.R. 13 (Bankr. N.D.N.Y 1993); In re Bicoastal Corp., 136 B.R. 288 (Bankr. MD. Fla. 1990).

BiCoastal Corp. is instructive. There, the bankruptcy court ruled that a clerk's office was accessible when "weather problems, combined with a series of mechanical problems, caused lengthy delays in the delivery network on the day in question." BiCoastal Corp., 136 B.R. at 289. The court determined that the rule about accessibility was "intended to extend the time period only when weather or a natural disaster physically prevents access to the clerk's office, and not when the selected method of transmission of the filing fails to arrive at the office of the clerk for whatever reason." Id. The court rejected the argument that "reliance on [a] delivery service was proper and reasonable" so as to excuse an untimely filing. Id. at 290.

The Lins' argument fails under any recognized standard for inaccessibility. No extenuating circumstances are present here. The Lins offer no evidence or assertion that the weather made it impossible for them to access the Clerk's office, nor do they contend that they lacked internet access to file their petition electronically. The Clerk's office "was not physically inaccessible due to inclement weather." Hotel Syracuse, 154 B.R. at 18. "[T]hat office remained open . . . and was accessible to the general public." Id. Although the Lins assert

7

that they should not suffer for the delay by Federal Express, they fail to explain how the Clerk's office was inaccessible.

The Lins cite three decisions outside our circuit to argue that "extraordinary circumstances justify[] relief from a late filing," but those decisions are inapposite. In those appeals, Oh v. Gonzalez, 406 F.3d 611 (9th Cir. 2005), Anssari-Gharachedaghy v. INS, 246 F.3d 512 (6th Cir. 2000); and Sun v. U.S. Dep't of Justice, 421 F.3d 105 (2d Cir. 2005), our sister circuits considered whether the Board had abused its discretion in denying an untimely appeal from a decision of an immigration judge. The Lins fail to cite any decision that suggests that a circuit court has jurisdiction over an untimely petition for review of an order of the Board. Because the deadline for filing a petition "is not subject to equitable tolling," Dakane, 371 F.3d at 773 n.3, we must dismiss the Lins' petition for lack of jurisdiction.

## IV. CONCLUSION

The Lin's petition for review is **DISMISSED**.