[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 14-10159
Non-Argument Calendar

_____

Agency No. A094-888-756

JOEDSON COSTA,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

(August 25, 2014)

Before MARCUS, WILSON and FAY, Circuit Judges.

PER CURIAM:

Joedson Costa, a native and citizen of Brazil, proceeds pro se and petitions

for review of the Board of Immigration Appeals's (BIA) order denying his motion

to reconsider its prior order affirming the Immigration Judge's (IJ) denial of his application for an adjustment of status under INA § 245(i), 8 U.S.C. § 1255(i).  On appeal, Costa argues that the BIA erred by concluding that the first labor-certification application filed on his behalf by his former employer, Arch Company, Inc. (Arch), was not "approvable when filed" under 8 C.F.R. § 1245.10(a)(3) and that he was ineligible for an adjustment of status under INA § 245(i), 8 U.S.C. § 1255(i) as a "grandfathered" alien.  Upon review of the record and consideration of the parties' briefs, we dismiss in part, and deny in part the petition for review.

## I.  BACKGROUND

Costa entered the United States on June 9, 1999, as a non-immigrant visitor, with authorization to remain until December 8, 1999.  His visa was extended until December 7, 2000.  He remained in the United States beyond that date without authorization.  On April 30, 2001, Costa's former employer, Arch, filed a labor-certification application on his behalf with the U.S. Department of Labor (DOL).  In 2003, the attorney who filed that application, Javier Lopera, was convicted of immigration fraud.  Based on that conviction, the DOL issued a Notice of Findings (NOF) in which it informed Arch that it was conducting an internal investigation into the application in light of its discovery of Lopera's fraud conviction and

2

requested additional supporting evidence for the application.  In response, Arch withdrew the application.

In 2004, another employer, Hurley Construction Company, Inc. (Hurley), filed a second labor-certification application on Costa's behalf.  The DOL certified that application.  Hurley then filed a Form I-140 Immigration Petition for Alien Worker Application on Costa's behalf, which U.S. Citizenship and Immigration Services (USCIS) approved.

Subsequently, Costa filed a Form I-485 application for an adjustment of status with USCIS pursuant to INA § 245(i), 8 U.S.C. § 1255(i).  USCIS denied Costa's application because Costa had not maintained lawful status and had engaged in employment without authorization.  Further, Costa's unlawful presence and employment could not be waived under INA § 245(i) as requested because the first labor-certification application filed on his behalf was ineligible for "grandfathering" under 8 C.F.R. § 245.10(a)(1)(i) as it was not "approvable when filed" under 8 C.F.R. § 1245.10(a)(3).  The application had not been approvable due to the fraud concerns regarding certification as noted in the DOL's NOF, including that Lopera had been convicted of separate acts of immigration fraud.  USCIS's Administrative Appeals Office (AAO) affirmed the denial.

On March 2, 2011, the Department of Homeland Security (DHS) issued Costa a notice to appear (NTA), charging him as removable pursuant to INA §

3

237(a)(1)(B), 8 U.S.C. § 1227(a)(1)(B) for remaining in the United States for longer than permitted.  At a master-calendar hearing, Costa admitted the allegations contained in his NTA and the IJ sustained the charge of removability. Costa indicated that he wished to renew his adjustment-of-status application.

In a written brief in support of his adjustment-of-status application, Costa argued that the first labor-certification application filed by Arch on his behalf was "approvable when filed" under § 1245.10(a)(3).  The evidence reflected that Arch withdrew the application because the company had "lost interest" in pursuing Costa's certification after learning of Lopera's immigration fraud. Notwithstanding that fact that Arch later withdrew the application, it still remained that the application had been properly filed, meritorious in fact, and non-frivolous at the time of filing.  When confronted with Arch's unwillingness to pursue the application, Costa immediately changed employers and continued the application process through Hurley to preserve the first application's 2001 priority date through "grandfathering" under INA § 245(i).  The documents submitted in support of Arch's labor-certification application would have been sufficient to certify the application but for the fraud allegations against Lopera.

At the merits hearing, the government argued that Costa had not met his burden to demonstrate that he was eligible for an adjustment of status under INA § 245(i).  The government submitted a complete copy of the DOL's NOF related to

4

the denial of Arch's labor-certification application. The IJ inquired whether either party had a copy of the first labor-certification application that Arch had filed on Costa's behalf. Both the government and Costa responded that they did not. The IJ noted that it was Costa's burden to demonstrate that the application was approvable at the time of filing. Without a copy of the application, the IJ would be unable to conduct the required analysis to determine if the application was approvable when filed. After the IJ determined that Costa was not eligible to apply for any other form of relief, Costa requested a voluntary departure, which the IJ granted.

In an oral decision, the IJ concluded that Costa was ineligible for an adjustment of status pursuant to INA § 245(i), as he did not meet his burden to establish that the first labor-certification application had been "approvable when filed." Costa had not produced a copy of the first labor-certification application, and, thus, the IJ could not determine whether that application had been "approvable when filed," such that Costa was eligible for an adjustment of status pursuant to INA § 245(i). Regardless of the approval of the 2004 labor-certification application, Costa could not adjust his status unless he was eligible under INA § 245(i). The IJ granted Costa's request for a voluntary departure.

Costa appealed the IJ's decision to the BIA. In his appeal brief, Costa argued that he had satisfied his burden of proving that the first labor-certification

5

application filed on his behalf had been "approvable when filed" under § 1245.10(a)(3).  The DOL had never stated that the application was fraudulent and had denied that application only because Arch withdrew it.  That application had been properly filed, meritorious in fact, and non-frivolous because it was filed with authentic documents by Arch.  Because the DOL had issued a NOF that presumed the first application to be fraudulent because it was filed by Lopera, the DOL improperly found the application to be fraudulent based on guilt by association.  In denying Costa's adjustment-of-status application, the IJ erroneously made the same presumption of fraud as the DOL had.

On October 23, 2013, the BIA dismissed Costa's appeal, concluding that the IJ had not erred by determining that he was ineligible for an adjustment of status under INA § 245(i) because he had failed to meet his burden to establish that the first labor-certification application was "approvable when filed."  Contrary to Costa's assertion, the IJ did not deny Costa's adjustment-of-status application based on fraud, but rather on Costa's failure to meet his burden to establish that the application had been "approvable when filed."  Costa failed to provide a copy of the first labor-certification application and the letter from Arch attesting to the company's filing the application provided little additional support for the application's approvability at the time of filing.  The BIA noted that, while not dispositive, the attorney who had filed the first labor-certification application had

6

been convicted of immigration fraud.  The BIA reinstated the IJ's grant of voluntary departure.

In November 2013, Costa moved for the BIA to reconsider its prior decision. Costa contended that the BIA had overlooked relevant facts, namely, that the second labor-certification application and Form I-140 filed by Hurley both had been approved.  Costa also argued that, because the fraud allegations against Lopera arose after the time of filing the first labor-certification application, they provided no basis for the BIA's conclusion that the application had not been "approvable when filed."

On December 23, 2013, the BIA denied Costa's motion to reconsider, concluding that he largely had raised the same or similar arguments as those raised in his original appeal brief.  Costa's mere disagreement with the BIA's prior decision was an insufficient basis upon which to reconsider that decision.  Further, to the extent that Costa was attempting to raise new arguments related to the first labor-certification application, those arguments were not properly before the BIA on a motion to reconsider as they could have been raised in the original appeal. Nevertheless, these arguments did not alter the BIA's decision to deny Costa's request.  Costa filed a Petition for Review with this Court on January 14, 2014 challenging the BIA's December 23, 2013 decision.

## II. DISCUSSION

7

"We review the BIA's denial of a motion to reconsider for abuse of discretion." *Calle v. U.S. Att'y Gen.*, 504 F.3d 1324, 1328 (11th Cir. 2007). A motion to reconsider must specify errors of fact or law in the BIA's decision and must be supported by pertinent authority. *Id.* at 1329.

On appeal, Costa raises the same arguments he has already raised twice before the BIA.[1] He asserts that the government erred by denying him adjustment status; however, he does not argue any error on the part of the IJ or the BIA. The only issue before us is whether the BIA abused its discretion in denying Costa's motion to reconsider for failure to identify material legal or factual error in the October 23, 2013 decision. *See Calle*, 504 F.3d at 1329 (holding that "merely reiterating arguments previously presented to the BIA does not constitute 'specifying . . . errors of fact or law' as required for a successful motion to reconsider"); 8 U.S.C. § 1229a(c)(6)(C). Because Costa did not identify any errors in the BIA's decision, we affirm.

**PETITION DISMISSED IN PART, DENIED IN PART.**

---

[1] To the extent that Costa's arguments on appeal are related to the BIA's October 23, 2013 order affirming the IJ's denial of his adjustment-of-status application, we will dismiss the petition as to those issues for lack of jurisdiction. Costa's petition was untimely filed on January 14, 2014, more than 30 days after entry of that order. *See* 8 U.S.C. § 1252(b)(1) ("The petition for review must be filed not later than 30 days after the date of the final order of removal."); *Lin v. U.S. Att'y Gen.*, 677 F.3d 1043, 1045 (11th Cir. 2012).