[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

Nos. 14-11367 & 14-15545
Non-Argument Calendar
_____

Agency No. A078-402-743


ISAAC KUAMENA AFFAINIE,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petitions for Review of Decisions of the
Board of Immigration Appeals
_____

(October 2, 2015)

Before HULL, ROSENBAUM and JILL PRYOR, Circuit Judges.

PER CURIAM:

Isaac Affainie has filed two petitions for review of Board of Immigration ("BIA") decisions. In petition 14-11367, he seeks review of the BIA's denial of his first motion to reopen his removal proceedings, and in petition 14-15545, he seeks review of the BIA's denial of his motion for the BIA to reopen *sua sponte*. After careful review, we deny petition 14-11367 and dismiss petition 14-15545.

I.

Mr. Affainie is a citizen of the Ivory Coast who entered the United States as a non-immigrant student. While living in the United States, he married Kary Edwards, a United States citizen. In 2009, Ms. Edwards filed an I-130 petition seeking a visa for Mr. Affainie based on his status as her spouse. The petition indicated that Mr. Affainie had never previously been married. The United States Citizenship and Immigration Services ("USCIS") denied the petition, explaining that records showed Mr. Affainie had previously married Catherine Djumfuoh in Italy in 1992. Because there was no evidence of a divorce, USCIS concluded that Mr. Affainie was still married to Ms. Djumfuoh and that he had never legally married Ms. Edwards.

In 2012, the Department of Homeland Security ("DHS") charged Mr. Affainie with removability as an alien who was inadmissible at the time of entry or adjustment of status because he sought to procure an immigration benefit by fraud or willfully misrepresenting a material fact. *See* 8 U.S.C. § 1227(a)(1)(A). DHS

2

alleged that: Mr. Affainie's marriage to Ms. Edwards was fraudulent; Mr. Affainie was still married to Ms. Djumfuoh when he married Ms. Edwards, rendering his second marriage null and void; and Mr. Affainie had misrepresented a material fact when he indicated in his visa petition and other immigration documents that he had no prior marriages.

After a hearing, the immigration judge determined Mr. Affainie misrepresented a material fact when he failed to disclose his previous marriage to Ms. Djumfuoh in his visa petition and other similar forms. The immigration judge also concluded that Mr. Affainie's marriage to Ms. Edwards was null and void because he was still married to Ms. Djumfour at the time he wed Ms. Edwards. The immigration judge found that Mr. Affainie and Ms. Djumfour had married in a customary marriage ceremony in Ghana and also entered into marriage in Italy. Although Mr. Affainie and Ms. Djumfour divorced in Ghana, the immigration judge found that the divorce dissolved only the Ghanian customary marriage, not their Italian marriage. The immigration judge also concluded, however, that DHS failed to prove by a preponderance of the evidence that Mr. Affainie and Ms. Edwards had married for the purpose of procuring Mr. Affainie's admission as an immigrant.

Mr. Affainie appealed to the BIA, which affirmed the immigration judge's decision. The BIA affirmed for the reasons stated in the immigration judge's order

3

and wrote separately to emphasize two points. First, the BIA explained that the operation of the laws of foreign countries, like Ghana and Italy, is a question of fact and that an immigration judge's factual finding can be reversed only if it is clearly erroneous. Second, the BIA stated that it was affirming on the alternative ground that the immigration judge found that Mr. Affainie lied in the visa petition about the fact that he had previously been married.

Mr. Affainie did not appeal the BIA's decision but instead filed with the BIA a motion to reopen, arguing that he had obtained new evidence. After the immigration judge's decision, Mr. Affainie filed a petition in Florida state court to dissolve his marriage to Ms. Djumfuoh. In response, she moved to dismiss the petition on the basis that the parties had already divorced in Ghana. Because Ms. Djumfuoh had "establish[ed] the dissolution of [the] customary marriage under Ghanian law," the Florida state court dismissed the divorce action. Mr. Affainie's new evidence was the pleadings and order from the Florida divorce action, which he claimed showed that the divorce in Ghana dissolved not only the customary marriage in Ghana but also the marriage entered into in Italy.

The BIA denied Mr. Affainie's motion to reopen for several reasons. First, Mr. Affainie failed to demonstrate that he could not have commenced and resolved the Florida divorce proceedings prior to his hearing before the immigration judge. Second, the BIA concluded that Mr. Affainie's new evidence was immaterial

4

because it was not probative of whether the dissolution of his customary marriage in Ghana also invalidated his marriage independently entered into under Italian law. The BIA explained that because the state court pleadings did not show that the state court even was aware that Mr. Affainie and Ms. Djumfuoh had a customary marriage in Ghana as well as a marriage in Italy, the state court's decision could not have addressed whether the Ghanian divorce had dissolved the Italian marriage. Third, Mr. Affainie failed to make a prima facie case showing he was entitled to relief. Mr. Affainie filed with this Court a petition for review of the BIA's denial of his motion to reopen.

Shortly after he sought review in this Court, Mr. Affainie also filed a "motion to reopen/reconsider *sua sponte*" with the BIA. After the BIA denied his first motion to reopen, Mr. Affainie went back to Florida state court and presented evidence about his Italian marriage to Ms. Djumfuoh. The Florida state court then entered a new order concluding that the Ghanaian divorce had dissolved both the Ghanian customary marriage and the Italian marriage. The BIA denied Mr. Affainie's motion to reopen *sua sponte* because it determined that he failed to identify an exceptional situation warranting reopening of the proceedings under the BIA's *sua sponte* authority. Mr. Affainie filed a petition for review of this decision with this Court, and we consolidated the proceedings on his two petitions for review.

5

## II.

"We review the BIA's denial of a motion to reopen for abuse of discretion." *Ali v. U.S. Attorney Gen.*, 443 F.3d 804, 808 (11th Cir. 2006). Under this standard, "[o]ur review is limited to determining whether there has been an exercise of administrative discretion and whether the matter of exercise has been arbitrary or capricious." *Id.* (internal quotation marks omitted). We review our subject matter jurisdiction *de novo*. *Id.*

## III.

Because Mr. Affainie filed no petition for review of the BIA's decision affirming the immigration judge's order, we lack jurisdiction to review that decision. *See* 8 U.S.C. § 1252(b)(1) (requiring petition for review to filed no later than 30 days after the date of the final order of removal); *Lin v. U.S. Attorney Gen.*, 677 F.3d 1043, 1045 (11th Cir. 2012) ("[T]he statutory limit for filing a petition for review in an immigration proceeding is mandatory and jurisdictional . . . ." (internal quotation marks omitted)). Our review is limited to the BIA's denials of Mr. Affainie's motions to reopen.

We first consider petition 14-11367, in which Mr. Affainie seeks review of the BIA's denial of his first motion to reopen. We have held

> there are at least three independent grounds upon which the [BIA] may deny a motion to reopen:  1) failure to establish a prima facie case; 2) failure to introduce evidence that was material and previously unavailable; and 3) a determination that despite the alien's statutory

6

eligibility for relief, he or she is not entitled to a favorable exercise of discretion.

*Najjar v. Ashcroft*, 257 F.3d 1262, 1302 (11th Cir. 2001).   The BIA denied Mr.

Affainie's motion to reopen for several reasons, including that his new evidence

was not probative of the key issue in the case:  whether Mr. Affainie's Italian

marriage to Ms. Djumfuoh was dissolved when he divorced in Ghana.  When the

BIA denied Mr. Affainie's motion on the basis that his new evidence was not

probative of that issue, it in effect determined that his new evidence was

immaterial.

We conclude that there was no abuse of discretion.  Although the Florida

state court concluded that Mr. Affainie's Ghana divorce dissolved his marriage to

Ms. Djumfuoh, the court's order shows that it considered only whether the

Ghanian customary marriage was dissolved.  In fact, the pleadings from the Florida

divorce action do not show that the court was even aware that Mr. Affainie and

Ms. Djumfuoh had entered into a separate marriage in Italy.  In the absence of

evidence that the Florida state court had considered whether Mr. Affainie and Ms.

Djumfuoh's separate marriage in Italy was terminated, we simply cannot say that

the BIA abused its discretion when it determined that the new evidence was

immaterial.  We thus deny this petition.[1]

---

[1] Because we conclude that the BIA did not abuse its discretion when it concluded that the evidence was immaterial, we need not address the Attorney General's alternative arguments

7

IV.

We now turn to petition 14-15545, in which Mr. Affainie argues that the BIA abused its discretion when it refused to reopen his immigration proceedings *sua sponte*.   Mr. Affainie urges us to reconsider our decision in *Lenis v. U.S. Attorney Gen.*, 525 F.3d 1291, 1292-94 (11th Cir. 2008)—holding that we lack jurisdiction to review the BIA's denial of a motion to reopen based on its *sua sponte* authority—in light of the Supreme Court's subsequent decision in *Kucana v. Holder*, 558 U.S 233 (2010).

The BIA may reopen or reconsider any case in which it has rendered a decision at any time *sua sponte*, including upon a party's written request.  8 C.F.R. § 1003.2(a).  In *Lenis*, we explained that we lacked jurisdiction to review a BIA decision denying a motion to reopen based on its *sua sponte* authority because § 1003.2(a) provided "absolutely no standard to govern the BIA's exercise of its discretion." *Lenis*, 525 F.3d at 1293.  Under the prior precedent rule, we are bound

that Mr. Affainie could have resolved the issue regarding his first marriage in state court prior to the hearing before the immigration judge and that he failed to make a prima facie showing that his current marriage was valid.

The Attorney General also argues that we should deny the petition on the basis that Mr. Affainie waived any argument that he could not have obtained evidence regarding his first marriage from the state court prior to the hearing before the immigration judge because he failed to present this issue adequately in his opening brief to this Court.  It is true that "[w]hen an appellant fails to offer argument on an issue, that issue is abandoned." *Sepulveda v. U.S. Attorney Gen.*, 401 F.3d 1226, 1228 n.2 (11th Cir. 2005) (per curiam).  Although it is a close question, we conclude that Mr. Affainie presented this argument in his opening brief when he explained that he tried to obtain a divorce decree in Manatee County, Florida, and court personnel told him that Florida courts could not issue a divorce decree because neither he nor Ms. Djumfuoh was a resident of Florida and because their marriage had not been entered into in Florida.

to follow *Lenis* "unless and until it is overruled by this court en banc or by the Supreme Court." *United States v. Vega-Castillo*, 540 F.3d 1235, 1236 (11th Cir. 2008) (per curiam) (internal quotation marks omitted). It is undisputed that we have not overruled *Lenis* in an en banc decision. The only question is whether the Supreme Court has done so.

In *Kucana*, the Supreme Court considered 8 U.S.C. § 1252(a)(2)(B)(ii), which provides that no court shall have jurisdiction to review any decision or action by the Attorney General where the authority for the decision is specified under 8 U.S.C. §§ 1151-1381 to be in the discretion of the Attorney General. 558 U.S. at 237. The Court held that § 1252(a)(2)(B)(ii) bars only judicial review of discretionary decisions when Congress has set out the Attorney General's discretionary authority in §§ 1151-1381. The Supreme Court stated that it "express[ed] no opinion on whether federal courts may review the [BIA's] decision not to reopen removal proceedings *sua sponte*" and noted that the "Courts of Appeals have held that such decisions are unreviewable because *sua sponte* reopening is committed to agency discretion by law, *see* 5 U.S.C. § 701(a)(2)." *Kucana*, 558 U.S. at 251 n.18.

Because *Lenis* has not been overruled either by this Court sitting en banc or the Supreme Court's decision in *Kucana*, we are bound to follow our prior precedent. Therefore, we conclude that we lack jurisdiction to review the BIA's

refusal *to sua sponte* reopen Mr. Affainie's removal proceedings; accordingly, we dismiss petition 14-15545.

V.

For the foregoing reasons, we deny petition 14-11367 and dismiss petition 14-15545.

**PETITION 14-11367 DENIED, PETITION 14-15545 DISMISSED.**