[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 18-12831
Non-Argument Calendar

_____

Agency No. A206-385-700

ZSOLT SZABO,
ANDREA VARGA,
ERNESE SZABO,
ZSANETT SZABO,

Petitioners,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

(May 21, 2019)

Before JILL PRYOR, FAY, and EDMONDSON, Circuit Judges.

PER CURIAM:

Zsolt Szabo ("Petitioner"), a native and citizen of Hungary, petitions for review of the Board of Immigration Appeals's ("BIA") order affirming the decision of the Immigration Judge ("IJ"). The IJ's decision denied asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). No reversible error has been shown; we dismiss the petition for lack of jurisdiction.

As an initial matter -- before reaching the merits of Petitioner's arguments on appeal -- we must first address our subject-matter jurisdiction. See Indrawati v. U.S. Att'y Gen., 779 F.3d 1284, 1297 (11th Cir. 2015). We review de novo questions about our jurisdiction. Id.

We lack jurisdiction to review Petitioner's challenges to the BIA's final order affirming the IJ's denial of Petitioner's applications for relief. The BIA issued its final order on 30 November 2017. Petitioner had 30 days -- or until 30 December 2017 -- to file a petition for review of that order. See 8 U.S.C. § 1252(b)(1) (a petition for review from a final order of removal "must be filed not later than 30 days after the date of the final order of removal"). Petitioner filed his petition for review on 5 July 2018: long after the expiration of the 30-day time limit. We have said that the 30-day statutory time limit is "mandatory and

2

jurisdictional and not subject to equitable tolling." Chao Lin v. U.S. Att'y Gen., 677 F.3d 1043, 1045 (11th Cir. 2012) (quotations omitted).  Nor is the statutory time limit tolled by Petitioner's filing of a motion for reconsideration with the BIA.[*]  See Jaggernauth v. U.S. Att'y Gen., 432 F.3d 1346, 1350-51 (11th Cir. 2005) (the filing of a motion to reconsider does not affect the finality of the underlying order).  Because Petitioner's petition for review was untimely filed, we lack jurisdiction to review Petitioner's challenges to the BIA's 30 November 2017 order.

Petitioner also argues that the "Notice of Referral to Immigration Judge" constituted a defective charging document under Pereira v. Sessions, 138 S. Ct. 2105 (2018).  As a result, Petitioner contends that the IJ lacked subject-matter jurisdiction over his removal proceedings.  Because Petitioner failed to raise this argument before the BIA -- and, thus, failed to exhaust his administrative remedies -- we lack jurisdiction to consider that argument in the first instance on appeal. See Amaya-Artunduaga v. U.S. Att'y Gen., 463 F.3d 1247, 1250-51 (11th Cir. 2006) ("We lack jurisdiction to consider a claim raised in a petition for review unless the petitioner has exhausted his administrative remedies with respect thereto."); see also Bing Quan Lin v. U.S. Att'y Gen., 881 F.3d 860, 867-68 (11th

---

[*] On appeal, Petitioner raises no challenge to the BIA's denial of his motion for reconsideration.

Cir. 2018) (constitutional claims are subject to the administrative exhaustion requirement where the BIA had the power to review the claim and to provide a remedy).

PETITION DISMISSED.