[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 19-15096
Non-Argument Calendar
_____

Agency No. A075-340-285

ADRIANA VENEGAS,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____

(October 8, 2020)

Before JORDAN, GRANT and LUCK, Circuit Judges.

PER CURIAM:

Adriana Venegas seeks review of the Board of Immigration Appeals' affirmance of an Immigration Judge's denial of her third motion to reopen her removal proceedings. Because we lack jurisdiction to review some of Ms. Venegas' claims, and because the BIA did not abuse its discretion in denying the remaining claims, we dismiss her petition in part and deny it in part.

**I**

Ms. Venegas, a citizen and native of Mexico, entered the United States in May of 1992 without being admitted or paroled. In July of 1997, the government issued a notice to appear for removal proceedings. The notice was served by certified mail with a return receipt requested, and the receipt was returned signed by Ms. Venegas' husband. After Ms. Venegas failed to appear for the proceedings, the IJ issued an *in absentia* order of removal against her on November 18, 1997. Ms. Venegas did not administratively appeal that ruling.

About thirteen years later, on May 27, 2010, Ms. Venegas filed her first motion to reopen her removal proceedings. She argued, among other things, that she never received notice of the removal proceedings. The IJ denied the motion, rejecting Ms. Venegas' argument that she did not receive notice based on the return receipt signed by her husband and the fact that her affidavit did not establish that she never received the notice.

On August 8, 2011, Ms. Venegas filed a second motion to reopen on the same grounds. In her affidavit submitted with the second motion, however, she clamed that her husband never told her about the removal hearing and that he was abusive and likely did not tell her on purpose. The IJ denied the motion, finding that it was numerically barred and that there were not "truly exceptional circumstances" that warranted *sua sponte* reopening.

On October 31, 2018, Ms. Venegas—represented by new counsel—filed a third motion to reopen. Ms. Venegas argued that her motion was not time barred or number barred because under § 240(b)(5)(C)(ii) of the Immigration and Nationality Act, 8 U.S.C. § 1229a(b)(5)(C)(ii), a petitioner may file a motion to reopen at any time (and any number of times) if she demonstrates that she did not receive proper notice of the removal proceedings. She again asserted that she did not receive notice due to her husband's abuse. Ms. Venegas also argued that the 180-day deadline for submitting a motion to reopen under INA § 240(b)(5)(C)(i), 8 U.S.C. § 1229a(b)(5)(C)(i), should be equitably tolled because her former attorney—who had since been disbarred—was incompetent and ineffective. She requested, in the alternative, that the IJ *sua sponte* reopen the proceedings based on exceptional circumstances.

The IJ denied the motion because it was time-barred, as it was filed well over 180 days after the *in absentia* order of removal was entered in 1997, and number-

3

barred, as it was Ms. Venegas' third motion to reopen.  Moreover, the IJ declined to *sua sponte* reopen the proceedings because Ms. Venegas did not meet her burden of demonstrating an "exceptional situation."  In the alternative, the IJ found Ms. Venegas' motion "fundamentally deficient" because she did not follow the filing requirements of submitting an appropriate application for relief and failed to provide all supporting documents.

Ms. Venegas administratively appealed, arguing that the time and numerical limitations on motions to reopen do not apply to a motion to rescind an order of removal entered *in absentia* based on lack of notice.  The BIA affirmed the IJ's denial of Ms. Venegas' motion to reopen without opinion.

Ms. Venegas now petitions for review of the BIA's decision.

## II

We review the denial of a motion to reopen removal proceedings for an abuse of discretion.  *See Jiang v. U.S. Att'y Gen.*, 568 F.3d 1252, 1256 (11th Cir. 2009).  "Our review is limited to determining whether the BIA exercised its discretion in an arbitrary or capricious manner."  *Id.*

We review our own jurisdiction *de novo*.  *See Chao Lin v. U.S. Att'y Gen.*, 677 F.3d 1043, 1045 (11th Cir. 2012).  "When the BIA summarily affirms the IJ's decision without an opinion, the IJ's decision becomes the final removal order."

4

*Alim v. Gonzales*, 446 F.3d 1239, 1254 (11th Cir. 2006) (citation and internal quotation marks omitted).

## III

In her petition, Ms. Venegas raises the following four arguments: (1) her third motion to reopen was timely because under the INA a removal order may be rescinded "at any time" if the alien demonstrates that she did not receive proper notice; (2) the INA does not place a numerical limit on motions to rescind *in absentia* orders of removal; (3) the BIA abused its discretion by failing to consider her equitable tolling claim; and (4) the BIA should have *sua sponte* reopened the proceedings. *See* Initial Br. at 13–21. We reject Ms. Venegas' first two arguments because the BIA did not abuse its discretion in denying her petition as time- and number-barred, and therefore dismiss them. We lack jurisdiction to review the latter two claims.

## A

The BIA did not abuse its discretion in affirming the IJ's denial of Ms. Venegas' third motion to reopen as time-barred and number-barred. Under the INA, if an alien fails to appear at her removal hearing, the IJ must order the alien removed *in absentia* if the government proves by clear, unequivocal evidence that the alien received notice and is removable. *See* 8 U.S.C. § 1229a(b)(5)(A). An alien may move to reopen the proceedings and rescind the *in absentia* removal order (1)

5

"within 180 days after the date of the order of removal if the alien demonstrates that the failure to appear was because of exceptional circumstances," or (2) "at any time if the alien demonstrates that the alien did not receive notice" of the hearing. *See* 8 U.S.C. § 1229a(b)(5)(C).

Ms. Venegas argues that her motion is not time-barred—even though it was filed 21 years after her *in absentia* order of removal was issued—because she did not receive notice of the removal proceedings. *See* Initial Br. at 13–16. She has not established, however, that she was not provided proper notice. We have held that "a mailing to the last known address is sufficient to satisfy the INS' duty to provide an alien with notice of a deportation proceeding" as a matter of law, "even if [the person] did not receive it." *United States v. Zelaya*, 293 F.3d 1294, 1298 (11th Cir. 2002). The notice was sufficient as a matter of law because it was served by certified mail to Ms. Venegas' last known address, even if her husband never told her that they received it. *See id.* at 1297–98 (holding that there was "no flaw in the notice given," even if the appellant did not receive it because he was in state custody, as it was sent "by certified mail to the last address submitted  by him"). *See also Dominguez v. U.S. Att'y Gen.*, 284 F.2d 1258, 1260 (11th Cir. 2002) ("Pursuant to 8 U.S.C. § 1229(c), the notice specified in § 1229(a) is effective if sent to the 'last address provided by the alien.'").

Ms. Venegas next contends that her motion is not number-barred. *See* Initial Br. at 16–18. Specifically, she argues that § 240(b)(5)(C) of the INA includes no express limit on the number of motions to reopen that may be filed to rescind an *in absentia* order of removal. *See* 8 U.S.C. § 1229a(b)(5)(C). She asserts that the IJ and BIA should not have relied on the regulation implementing that provision, which provides that "only one" such motion may be filed, *see* 8 C.F.R. § 1003.23(b)(4)(ii), because the regulation is inconsistent with the statute. *See* Initial Br. at 17.

We disagree, because § 240 of the INA provides in another subsection that "[a]n alien may file one motion to reopen" removal proceedings. *See* INA § 240(c)(7)(A), 8 U.S.C. § 1229a(c)(7)(A). This limit applies to motions to reopen removal orders entered *in absentia*. *See Bing Quan Lin v. U.S. Att'y Gen.*, 881 F.3d 860, 872 (11th Cir. 2018) (stating, in a case where the petitioner filed three motions to reopen a removal order entered *in absentia*, that a "petitioner may file one, and only one motion for reopening of an order of removal") (citing 8 U.S.C. § 1229a(c)(7)). *See also Montano Cisneros v. U.S. Att'y Gen.*, 514 F.3d 1224, 1227–28 (11th Cir. 2008) (noting that 8 C.F.R. § 1003.23(b)(4)(ii) limits petitioners to one motion to reopen per *in absentia* removal order); *Luntungan v. Att'y Gen.*, 449 F.3d 551, 552 (3d Cir. 2006) ("[U]nder the plain language of both the INA and BIA regulation, an alien ordered removed in absentia may file only one motion to reopen.") (citing 8 U.S.C. § 1229a(c)(7); 8 C.F.R. § 1003.23(b)(4)(ii)). The INA,

therefore, does not conflict with the regulation.  Ms. Venegas' motion is number-barred, as it is her third motion to reopen her removal proceedings.

**B**

We dismiss Ms. Venegas' latter two claims—that the BIA failed to consider her equitable tolling claim and that it should have *sua sponte* reopened the proceedings—because we lack jurisdiction over them.

First, we lack jurisdiction over Ms. Venegas' equitable tolling claim because it was not exhausted before the BIA.  *See Amaya-Artunduaga v. U.S. Att'y Gen.*, 463 F.3d 1247, 1250 (11th Cir. 2006); 8 U.S.C. § 1252(d)(1).  To exhaust a claim, a petitioner must raise the "core issue" before the BIA and "set out any discrete arguments [s]he relies on in support of that claim," so that the BIA has sufficient information "to review and correct any errors below."  *Jeune v. U.S. Att'y Gen.*, 810 F.3d 792, 800 (11th Cir. 2016) (citations and internal quotation marks omitted).  Although Ms. Venegas argues to this Court that her claims should be equitably tolled, *see* Initial Br. at 19–20, she did not raise this argument in her administrative appeal to the BIA.  We thus lack jurisdiction to consider this claim.  *See Amaya-Artunduaga*, 463 F.3d at 1250.

Second, we lack jurisdiction to review a decision of an IJ or the BIA declining to exercise their *sua sponte* reopening authority.  *See Bing Quan Lin*, 881 F.3d at 871 ("Generally we cannot review decisions of the BIA that are committed to its

8

discretion. Thus, we have held on several occasions that we lack jurisdiction to review a decision of the BIA not to exercise its power to reopen a case *sua sponte*."). Though we do have jurisdiction to review constitutional claims and questions of law related to the BIA's discretionary decisions, *see id.*, there is no colorable constitutional claim that would allow us to review the BIA and IJ decisions here.

## IV

For the foregoing reasons, we dismiss Ms. Venegas' petition in part and deny it in part.

**DISMISSED IN PART, DENIED IN PART.**