[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-14539
Non-Argument Calendar
_____

Agency No. A028-590-919


ATEYA RAMADAN SWILAM,

Petitioner,

versus

US ATTORNEY GENERAL,

Respondent.


_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____

(July 8, 2013)

Before CARNES, BARKETT and MARCUS, Circuit Judges.

PER CURIAM:

Ateya Ramadan Swilam seeks this Court's review of the BIA's denial of his motion to reconsider its denial of his motion to reopen as time and number barred. In his brief, Swilam raises only general equitable arguments, asking this Court to overturn the BIA's final order of deportation, which became final in 1996. After careful review, we deny the petition in part, and dismiss it in part.

We review the BIA's decision in a motion to reopen or a motion for reconsideration for abuse of discretion. Chacku v. U.S. Att'y Gen., 555 F.3d 1281, 1286 (11th Cir. 2008). A petitioner abandons all issues on review for which he fails to offer argument in his initial brief. Sepulveda v. U.S. Att'y Gen., 401 F.3d 1226, 1228 n.2 (11th Cir. 2005).

Our jurisdiction to review motions to reopen or reconsider an immigration ruling is implicit in the statutory grant of jurisdiction to review a final order of removal. See Patel v. U.S. Att'y Gen., 334 F.3d 1259, 1261 (11th Cir. 2003); see also 8 U.S.C. § 1252(a)(1). A petitioner, seeking review of an immigration ruling, must file his petition for review within 30 days of the order. 8 U.S.C. § 1252(b)(1). The statutory deadline for filing a petition for review of an immigration decision is mandatory and jurisdictional. Dakane v. U.S. Att'y Gen., 399 F.3d 1269, 1272 n.3 (11th Cir. 2005); see also Chao Lin v. U.S. Att'y Gen., 677 F.3d 1043, 1045-46 (11th Cir. 2012).

In this case, Swilam's September 4, 2012 petition for review only gives us authority to review the BIA's orders that had been entered within 30 days of the petition.  See 8 U.S.C. § 1252(b)(1).  The only order, therefore, that is presently within our jurisdiction is the BIA's August 21, 2012 denial of Swilam's May 23, 2012 motion to reconsider.  In his initial appellate brief, Swilam fails to address or mention the August 2012 order in his brief, and has thus has abandoned all issues related to the August 2012 order.  See Sepulveda, 401 F.3d at 1228 n.2.

Instead, he presents general arguments as to why he should not be deported and references errors that the BIA made in its orders from the mid-1990s.  Indeed, in his statement of jurisdiction, he asserts that he is appealing from a May 2, 1992 judgment, which was the date that his voluntary departure order expired.  Because Swilam's appeal of the BIA's decisions from the 1990s is untimely -- well outside the 30-day window to appeal -- we lack jurisdiction over these arguments.

Accordingly, we deny Swilam's petition for review because he has abandoned all issues properly before us, and dismiss the petition for lack of jurisdiction as to those arguments that Swilam actually raises on petition for review.

**PETITTION DENIED IN PART, DISMISSED IN PART.**

3