[DO NOT PUBLISH]


IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-10657
Non-Argument Calendar
_____

Agency No. A088-094-603


HUMBERTO PRIN GARCIA MOLINA,
JULIETA ANTONIA MILAGROS SANTANDER PALERMO,

Petitioners,

versus

U.S. ATTORNEY GENERAL,

Respondent.


_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____

(April 15, 2015)

Before TJOFLAT, WILSON, and ANDERSON, Circuit Judges.

PER CURIAM:

Humberto Prin Garcia Molina, proceeding *pro se*, has filed a petition for

review from the Board of Immigration Appeals's ("BIA") January 17, 2014 order

denying his motion to reconsider its denial of his motion to reopen removal proceedings.[1]  He does not discuss the substance of that order in his appellate brief, but instead challenges the BIA's December 9, 2010 order affirming the denial of his application for asylum and other relief, and the BIA's July 29, 2013 order denying his motion to reopen.  Specifically, he contends that the Immigration Judge ("IJ") failed to ascribe adequate weight to certain aspects of his testimony at the removal hearing, and that the BIA wrongly concluded that the new evidence supporting his motion to reopen did not show changed country conditions.

We review the denial of a motion to reconsider for abuse of discretion. *Calle v. U.S. Att'y Gen.*, 504 F.3d 1324, 1328 (11th Cir. 2007).  When a petitioner fails to offer argument on an issue, that issue is deemed abandoned.  *Sepulveda v. U.S. Att'y Gen.*, 401 F.3d 1226, 1228 n.2 (11th Cir. 2005).

A petition for review must be filed with a court of appeals no later than 30 days after the date of the BIA's final order of removal.  Immigration and Nationality Act ("INA") § 242(b)(1) & (2), 8 U.S.C. § 1252(b)(1) & (2).  The statutory time limit for filing a petition for review in an immigration proceeding is jurisdictional and is not subject to equitable tolling.  *See Chao Lin v. U.S. Att'y Gen.*, 677 F.3d 1043, 1044-46 (11th Cir. 2012) (dismissing for lack of jurisdiction

---

[1]  Although Garcia Molina listed his wife, Julieta Antonia Milagros Santander Palermo, as a derivative beneficiary in his underlying application for asylum, and the instant petition for review likewise names her, Garcia Molina does not reference Santander Palermo in his brief on appeal.

a petition for review that this Court's clerk did not receive until 31 days after the BIA issued its order).

Under any measure, Garcia Molina's petition fails. Garcia Molina abandons on appeal any challenge to the BIA's January 17, 2014 order denying his motion to reconsider by not discussing that order in his brief. As to his arguments regarding the BIA's December 9, 2010 and July 29, 2013 orders, we lack jurisdiction to consider those arguments, as the instant February 18, 2014 petition for review was untimely filed more than 30 days after those orders were issued.

**PETITION DENIED.**