[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 19-12304
Non-Argument Calendar
_____

Agency No. A088-510-527

RAYMUNDO GARCIA-FLORES,

                                                            Petitioner,

versus

UNITED STATES ATTORNEY GENERAL,

                                                            Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____

(March 18, 2020)

Before MARTIN, ROSENBAUM, and BRANCH, Circuit Judges.

PER CURIAM:

Raymundo Garcia-Flores, a native and citizen of Mexico, petitions us to review the Board of Immigration Appeals' ("BIA") order denying his motion to reconsider its decision summarily dismissing his appeal.  Because the BIA did not abuse its discretion in denying Garcia-Flores's motion to reconsider, we deny the petition for review.

On August 21, 2017, an immigration judge denied Garcia-Flores's application for cancellation of removal and ordered him removed.[1]  Garcia-Flores's counsel filed a notice of appeal and checked a box stating that he intended to file a separate written brief or statement after filing the notice of appeal.  The notice of appeal form contained a warning under the separate-brief-or-statement box that the BIA "may summarily dismiss your appeal if you do not file a brief or statement within the time set in the briefing schedule."  The BIA issued a briefing schedule which stated that Garcia-Flores's brief was due on or before February 8, 2018.  Garcia-Flores's counsel requested a 21-day filing extension until March 1, 2018, which the BIA granted.

---

[1] Garcia-Flores had been charged with being (1) an alien present in the United States without being admitted or paroled, in violation of 8 U.S.C. § 1182(a)(6)(A)(i); (2) an alien, who at the time of application for admission, was not in possession of a valid entry document, in violation of 8 U.S.C. § 1182(a)(7)(A)(i)(I); and (3) an alien who had been convicted of, or who admits having committed, or who admitted committing acts which constitute the essential elements of a crime involving moral turpitude ("CIMT"), in violation of 8 U.S.C. § 1182(a)(2)(A)(i)(I).  Garcia-Flores conceded removability as to counts 1 and 2 but contested the third charge, claiming that his conviction was not a CIMT under 8 U.S.C. § 1182(a)(2)(A)(i)(I).  At a subsequent hearing, Garcia-Flores filed for cancellation of removal.

2

On April 27, 2018, the BIA dismissed Garcia-Flores's appeal because the record did not indicate that he had filed a brief and his notice of appeal did not apprise it of the specific reasons for his appeal.  Garcia-Flores's counsel filed a motion to reconsider, arguing that he filed his brief and a motion to accept a late-filing by mail on April 26, 2018.  On May 20, 2019, the BIA denied Garcia-Flores's motion to reconsider reasoning that "[Garcia-Flores] has not specified any errors of fact or law in our prior decision," the record did not contain a motion to accept a late-filed brief, and "[t]o the extent that such a motion was filed, it was filed almost two months after the additional briefing extension period had already expired."  Further, the BIA noted it was "not persuaded that such a motion would have been granted."  On appeal, Garcia-Flores argues that the BIA abused its discretion by dismissing his appeal without considering his motion to accept a late-filed brief and by denying his motion to reconsider because it erroneously found that he had not specified any factual or legal error in its April 27, 2018, decision.

We lack jurisdiction to review the BIA's April 27, 2018, decision dismissing his appeal because Garcia-Flores's petition for review in this court was filed on June 17, 2019 and is, therefore, untimely as to that decision.  *See* 8 U.S.C. § 1252(b)(1) ("The petition for review must be filed not later than 30 days after the date of the final order of removal"); *Chao Lin v. U.S. Att'y Gen.*, 677 F.3d 1043, 1045 (11th Cir. 2012) (stating that the time limit for filing a petition for review is

3

mandatory and jurisdictional); *Dakane v. U.S. Att'y Gen.*, 399 F.3d 1269, 1272 n.3 (11th Cir. 2005) (holding that because the statutory limit for filing a petition for review is jurisdictional, it is not subject to equitable tolling). However, we have jurisdiction to review the BIA's May 20, 2019, decision denying his motion for reconsideration because Garcia-Flores's June 17, 2019, petition for review was timely as to that decision. *See* 8 U.S.C. § 1252(b)(1).

We review the denial of a motion to reconsider for abuse of discretion, which is limited to the determination of whether the BIA exercised its discretion in an arbitrary and capricious manner. 8 C.F.R. § 1003.2(a); *Ferreira v. U.S. Att'y. Gen.*, 714 F.3d 1240, 1242–43 (11th Cir. 2013). The BIA abuses its discretion when it misapplies the law in reaching its decision or fails to follow its own precedents without providing a reasoned explanation for doing so. *Ferreira*, 714 F.3d at 1243.

A motion to reconsider must state the reasons for the motion by specifying the errors of fact or law in the prior BIA decision and must be supported by pertinent authority. 8 C.F.R. § 1003.2(b)(1). Here, the BIA did not abuse its discretion by denying Garcia-Flores's motion to reconsider because his motion did not expressly specify any errors of fact or law in the BIA's April 27, 2018, decision. *See Ferreira*, 714 F.3d at 1242. Moreover, we note that even if Garcia-Flores had filed his brief on April 26, 2018, he has not shown that the BIA was

4

obligated to grant or even decide a motion to accept a late-filed brief.

Accordingly, the BIA did not abuse its discretion. We thus deny his petition for

review.

**PETITION DENIED.**