[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-11389
Non-Argument Calendar
_____

Agency No. A099-967-331

ABNER CANDIDO DE LIMA, JR.,
LUCIANE SIMONE MULLER,

Petitioners,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____

(September 16, 2015)

Before WILLIAM PRYOR, JORDAN, and JULIE CARNES, Circuit Judges.

PER CURIAM:

Abner Candido de Lima, Jr. and Luciane Simone Muller, natives and citizens of Brazil, proceeding pro se, petition for review of the Board of Immigration Appeal's denial of their motion to reconsider its September 4, 2014, order and their motion to reopen their removal proceedings.  The petitioners argue that the BIA abused its discretion because it failed to consider the totality of the evidence establishing that cancellation of removal was warranted. On review of the parties' briefs and the record, we dismiss the petition in part, and deny the petition in part.[1]

"We review the BIA's denial of a motion to reconsider for abuse of discretion."  *Calle v. U.S. Att'y Gen.*, 504 F.3d 1324, 1328 (11th Cir. 2007) (internal quotation marks and citation omitted).  We also review the denial of a motion to reopen removal proceedings under the same standard.  *See Jiang v. U.S. Att'y Gen.*, 568 F.3d 1252, 1256 (11th Cir. 2009).

---

[1] To the extent that the petitioners seek review of the BIA's June 17, 2014, affirmance of the immigration judge's denial of their applications for cancellation of removal, we dismiss that portion of their petition, as it was not filed within 30 days of the BIA's order of affirmance. *See* 8 U.S.C. § 1252(b)(1).  *See also Chao Lin v. U.S. Att'y Gen.*, 677 F.3d 1043, 1045 (11th Cir. 2012).  We also dismiss any portion of the petition seeking review of the BIA's September 4, 2014, denial of the motion to reopen and reconsider its earlier affirmance, to the extent the petitioners seek such review, for the same reason.

Further, we are without jurisdiction to review the BIA's purely discretionary determination that the petitioners have failed to satisfy the "exceptional and extremely unusual hardship" standard for cancellation of removal.  *See Martinez v. U.S. Att'y Gen.*, 446 F.3d 1219, 1221–23 (11th Cir. 2006); *Gonzalez-Oropeza v. U.S. Att'y Gen.*, 321 F.3d 1331, 1332–33 (11th Cir. 2003).

An alien may file one motion to reconsider a decision of removability specifying the errors of law or fact, and must do so within 30 days of the entry of a final administrative order of removal.  *See* 8 U.S.C. § 1229a(c)(6)(A)–(C); 8 C.F.R. § 1003.2(b)(1) and (2).  In addition, an alien may file one motion to reopen based upon new facts, and that motion must be filed within 90 days of the date of entry of a final administrative order of removal.  *See* 8 U.S.C. § 1229a(c)(7)(A)–(C); 8 C.F.R. § 1003.2(c)(1) and (2).  This 90-day deadline is a "non-jurisdictional claim-processing rule," and is subject to equitable tolling.  *Avila-Santoyo v. U.S. Att'y Gen.*, 713 F.3d 1357, 1359–65 (11th Cir. 2013) (en banc).  The BIA also has authority to *sua sponte* reopen or reconsider any case in which it has rendered a decision.  8 C.F.R. § 1003.2(a).  We, however, lack jurisdiction to review a challenge to the BIA's decision not to *sua sponte* reopen or reconsider a proceeding.  *Lenis v. U.S. Att'y Gen.*, 525 F.3d 1291, 1294 (11th Cir. 2008).

Here, the BIA did not abuse its discretion in denying the petitioners' January 12, 2015, motion to reconsider and reopen, as the motion was untimely.  *See* 8 U.S.C. § 1229a(c)(6)(B) and (7)(C).  The petitioners do not argue on appeal that they meet any of the exceptions to the time restrictions, and they have therefore abandoned any such claims.  *See Sepulveda v. U.S. Att'y Gen.*, 401 F.3d 1226, 1228 n.2 (11th. Cir. 2005) ("When an appellant fails to offer argument on an issue, that issue is abandoned.").  Moreover, we lack jurisdiction to review the BIA's

decision to not *sua sponte* reopen the removal proceedings or reconsider its prior order.  *See Lenis*, 525 F.3d at 1294.

Thus, we dismiss the petition in part, and deny it in part.

**PETITION DISMISSED IN PART AND DENIED IN PART.**