[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-10876
Non-Argument Calendar
_____

Agency No. A099-048-433


ESTHER TWUM,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.


_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____

(October 26, 2015)

Before TJOFLAT, HULL, and WILSON, Circuit Judges.

PER CURIAM:

Esther Twum appeals the Board of Immigration Appeals' ("BIA") order denying her motion to reconsider its prior decision, which dismissed her appeal of an Immigration Judge's ("IJ") order denying her application for adjustment of status and ordering her removed from the United States.  After review, we deny the petition for review.

## I.  BACKGROUND

### A.    Notice of Removal

On September 14, 2009, the United States Department of Homeland Security issued Twum a Notice to Appear ("NTA").  The NTA alleged that Twum, who had previously been admitted to the United States as a nonimmigrant K-1 on December 10, 2006, for a period not to exceed March 10, 2007, had remained in the United States beyond that date without authorization from the Citizenship and Immigration Service.  The NTA further alleged that Twum had not been granted an adjustment of status, which would allow her to remain in the United States, and thus charged her as subject to removal under Section 237(a)(1)(B) of the Immigration and Nationality Act ("INA").  On October 13, 2011, Twum admitted the NTA's allegations and conceded her removability, but requested an adjustment of status as relief.

### B.    Adjustment of Status Hearing Before IJ

2

On October 29, 2012, Twum was given an adjustment of status hearing before an IJ.  At the hearing, the IJ considered arguments as to whether Twum's previously failed attempts to have her status adjusted through I-130 and I-485 petitions were properly dismissed.  The IJ also reviewed prior findings by immigration officers as to whether Twum's marriage to United States citizen Willey Smiley was bona fide, which is required for adjustment of status. Matter of Sesay, 25 I. & N. Dec. 431, 440 (BIA 2011).

Later that day, the IJ issued an oral decision denying Twum's adjustment of status request and ordering her removed.  The IJ concluded that Twum had failed to establish the bona fides of her marriage to Smiley that would warrant adjustment of status, stating that Twum had "not shown that this was a viable marriage for other than immigration purposes."  In support of that conclusion, in addition to highlighting various discrepancies between Twum's and Smiley's testimony with respect to prior adjustment of status petitions, the IJ noted that Twum had failed to present documents that would establish the bona fides of Twum's marriage under the REAL ID Act or show reasonable cause why they were not presented, such as evidence of joint property or joint taxes or other such items.

## C.    Appeal to BIA

On November 26, 2012, Twum filed a Notice of Appeal asking the BIA to review the IJ's decision.  In her appeal brief, Twum explained why she believed

3

she had met the requirements for adjustment of status under INA § 245, but did not address the IJ's findings with respect to the REAL ID Act's requirements for establishing a bona fide marriage.

On October 24, 2014, the BIA issued a decision affirming the IJ's decision and ordering that Twum's appeal be dismissed. The BIA "agree[d] with the Immigration Judge that [Twum] failed to adequately establish the bona fides of her marriage." Citing the REAL ID Act, the BIA noted that Twum had failed to provide tax or insurance documents or other such evidence that would establish a bona fide marriage and that she provided no explanation for the absence of such evidence.

## D.    Motion to Reconsider

On November 24, 2014, Twum filed a motion to reconsider with the BIA asking it to reconsider her appeal of the IJ's decision.[1] In her appeal brief, Twum reiterated arguments from her prior brief as to why her marriage should be considered to have been bona fide, and Twum made new arguments not made in her prior brief that the immigration officer had erroneously adjudicated her prior I-130 petition and that the IJ lacked jurisdiction to reconsider her adjustment of status request. However, Twum did not challenge the BIA's application of the REAL ID Act and its findings regarding Twum's failure to present documentary

---

[1]Twum did not file a petition of review of the BIA's October 24, 2014 decision.

4

evidence that would establish the bona fides of her marriage or an explanation for their absence.

On January 29, 2015, the BIA denied Twum's motion to reconsider explaining that Twum had "not identified any material error of fact or law in [its] prior decision." It stated that Twum's brief had reargued issues previously presented and raised new issues not previously presented. On February 27, 2015, Twum filed a petition for review from the BIA's January 29, 2015 decision.

## II.  DISCUSSION

A petition for review must be filed with the court of appeals no later than 30 days after the BIA's final order of removal. INA § 242(b)(1), 8 U.S.C. § 1252(b)(1). The statutory time limit for filing a petition for review in an immigration proceeding is mandatory and jurisdictional and is not subject to equitable tolling. Lin v. U.S. Att'y Gen., 677 F.3d 1043, 1045 (11th Cir. 2012).[2] A motion filed with the BIA to reopen or reconsider the removal order does not toll the time for filing a petition for review with this Court. See Dakane v. U.S. Att'y Gen., 399 F.3d 1269, 1272 n.3 (11th Cir. 2005).

A motion to reconsider "shall specify the errors of law or fact in the previous order and shall be supported by pertinent authority." INA § 240(c)(6)(C), 8 U.S.C. § 1229a(c)(6)(C). "[A] motion that merely republishes the reasons that had failed

---

[2]We review de novo our own subject matter jurisdiction. Gonzalez-Oropeza v. U.S. Att'y Gen., 321 F.3d 1331, 1332 (11th Cir. 2003).

to convince the tribunal in the first place gives the tribunal no reason to change its mind." Calle v. U.S. Att'y Gen., 504 F.3d 1324, 1329 (11th Cir. 2007) (quotation omitted). Therefore, a motion to reconsider that merely reiterates arguments previously presented to the BIA does not specify errors of fact or law as required for a successful motion to reconsider. Id. (quoting 8 C.F.R. § 1003.2(b)(1)). Additionally, a motion to reconsider based on a legal argument that could have been raised earlier in the proceedings will be denied. Matter of O-S-G-, 24 I. & N. Dec. 56, 58 (BIA 2006).[3]

To the extent Twum's petition should be construed as a challenge to the BIA's initial decision dismissing her appeal of the IJ's denial of her application for adjustment of status and order of removal, we must dismiss her appeal for lack of jurisdiction. The BIA dismissed Twum's appeal on October 24, 2014. Twum's motion to reconsider did not toll the time to petition for review from that order. See Dakane, 399 F.3d at 1272 n.3. Accordingly, to timely petition for this Court's review of the BIA's October 24, 2014 order, Twum would have needed to file a petition for review by November 23, 2014, which she did not do. INA § 242(b)(1), 8 U.S.C. § 1252(b)(1). The petition that Twum filed was not filed until February 27, 2015, and only referred to the BIA's January 29, 2015 denial of her motion to

---

[3]We review the BIA's denial of a motion to reconsider for abuse of discretion. Calle, 504 F.3d at 1328.

6

reconsider.  Therefore, our review is limited to the BIA's denial of Twum's motion to reconsider.

As to her motion to reconsider, Twum failed to identify any errors of fact or law in the BIA's initial order dismissing her appeal from the IJ's decision.  In that order, the BIA agreed with the IJ that Twum had failed to adequately establish the bona fides of her marriage to Smiley and consequently failed to meet the requisites for adjustment of status.  The BIA based its decision in part on application of the REAL ID Act and Twum's failure to establish the bona fides of her marriage consistent with that act.  As a result, the BIA affirmed the IJ's decision and dismissed her appeal.

In moving the BIA to reconsider its October 24, 2014 order, Twum needed to specify the errors of law or fact in the previous order drawing support by pertinent authority.  INA § 240(c)(6)(C), 8 U.S.C. § 1229a(c)(6)(C).  But Twum did neither.  Instead, Twum reiterated her bona fides arguments regarding her marriage that she had made previously, and she made new arguments regarding alleged errors in a prior I-130 petition adjudication and the IJ's alleged lack of jurisdiction.  As we explain above, such arguments do not specify relevant errors of fact or law sufficient for purposes of a motion to reconsider.  And notably, Twum failed to challenge the BIA's application of the REAL ID Act in support of its decision.  Twum points to no authority showing either that the BIA erred by

7

basing its decision to uphold the IJ's decision in part on application of the READ ID Act's requirements or that it erred by misapplying its requirements. As a result, we cannot say that the BIA rested its October 24, 2014 decision on insufficient grounds. Therefore, we cannot say that the BIA abused its discretion in denying Twum's motion to reconsider.

**PETITION DENIED.**