**Joedson COSTA, Petitioner,**

v.

**U.S. ATTORNEY GENERAL, Respondent.**

No. 15–10650

Non–Argument Calendar.

United States Court of Appeals, Eleventh Circuit.

Nov. 23, 2015.

Joedson Costa, Coral Springs, FL, pro se.

Christina J. Martin, U.S. Department of Justice, Oil, Office of Immigration Litigation, Washington, DC, Michelle Ressler, District Counsel's Office Usice, Miami, FL, for Respondent.

Before ED CARNES, Chief Judge, MARTIN and ANDERSON, Circuit Judges.

PER CURIAM:

Joedson Costa, proceeding *pro se*, petitions for review of several of the Board of Immigration Appeals' orders in his removal proceedings. He contends that the BIA erred in: (1) dismissing his appeal of the Immigration Judge's denial of his application for adjustment of status; (2) denying his motion to reconsider the dismissal; and (3) denying his combined motion to reopen and to reconsider the denial of his first motion to reconsider.

I.

Costa, a Brazilian citizen, entered the United States in 1999 on a nonimmigrant visa. In 2001, after he had already overstayed his visa, Costa's employer filed a labor certification application with the Department of Labor (DOL). His employer withdrew the labor certification application after its attorney was convicted of immigration fraud and the DOL issued a Notice of Findings containing a request for additional documentation. In 2011, the Department of Homeland Security charged Costa with removability and he conceded removability, but he sought adjustment of status based on the 2001 labor certification application. The IJ denied Costa's request for adjustment of status, finding that he had not met his burden of showing that the labor certification application was approvable when it was filed, as required by 8 U.S.C. § 1255(i) and 8 C.F.R. § 1245.10(a)(1)(i)(B).

Costa appealed the IJ's decision to the BIA, arguing that his labor certification application was approvable when it was filed in 2001. Concluding that it was not, the BIA dismissed Costa's appeal on October 23, 2013. Costa filed a timely motion to reconsider the dismissal, reiterating his arguments. On December 23, 2013, the BIA denied Costa's motion to reconsider.

Ten months later, on October 23, 2014, Costa filed a motion to reopen the BIA's denial of his motion to reconsider, arguing again that his 2001 labor certification application qualified him for adjustment of status. The BIA construed the motion as a motion to reopen and a second motion to reconsider, and denied both motions. The BIA determined that the motion to reopen was time-barred, number-barred, and meritless, and that the second motion to reconsider was time-barred, barred by regulation, and meritless. Costa petitioned for

review from this Court on February 17, 2015.

## II.

We review *de novo* our own subject matter jurisdiction. *Chao Lin v. U.S. Att'y Gen.*, 677 F.3d 1043, 1045 (11th Cir.2012). "[A] petition for review must be filed not later than 30 days after the date of the final order of removal." 8 U.S.C. § 1252(b)(1). The time limit is "mandatory and jurisdictional." *Dakane v. U.S. Att'y Gen.*, 399 F.3d 1269, 1272 n. 3 (11th Cir.2004).

Costa filed his petition for review over a year after the BIA entered its orders dismissing his appeal and denying his first motion to reconsider. As a result, we have no jurisdiction to review them. *See* 8 U.S.C. § 1252(b)(1); *Dakane*, 399 F.3d at 1272 n. 3. We will dismiss Costa's petition for review of the BIA's orders dismissing his appeal and denying his first motion to reconsider.

## III.

We do, however, have jurisdiction to review the BIA's denial of Costa's motion to reopen and second motion to reconsider. Our review of those orders is only for abuse of discretion. *See id.* at 1272 n. 2; *Calle v. U.S. Att'y Gen.*, 504 F.3d 1324, 1328 (11th Cir.2007). Costa has presented no arguments that address the BIA's rationale for denying his motion to reopen and second motion to reconsider. Instead, his arguments are about the merits of the underlying removal order. As a result, he has abandoned any argument that the BIA

abused its discretion in denying the motion to reopen and the second motion to reconsider.[1] *See Sepulveda v. U.S. Att'y Gen.*, 401 F.3d 1226, 1228 n. 2 (11th Cir.2005) ("When an appellant fails to offer argument on an issue, that issue is abandoned."). That part of his petition for review is due to be denied.

**PETITION DISMISSED IN PART, DENIED IN PART.**

---

1. In any event, the BIA did not abuse its discretion in denying Costa's motion to reopen as time-barred because he filed it more than 90 days after the final order of removal was entered. *See* 8 U.S.C. § 1229a(c)(7)(C)(i) (requiring a party to file a motion to reopen "within 90 days of the date of entry of a final administrative order of removal"). The BIA also did not abuse its discretion in denying Costa's second motion to reconsider as barred by regulation because a party may not seek reconsideration of a decision denying a previous motion to reconsider. 8 C.F.R. § 1003.2(b)(2).