[DO NOT PUBLISH]


IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-16540
Non-Argument Calendar
_____

Agency No. A042-465-069


RUDOLPH LLOYD BROWN,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent

.


_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____

(April 13, 2018)

Before WILSON, JULIE CARNES, and HULL, Circuit Judges.

PER CURIAM:

Rudolph Lloyd Brown seeks review of the Board of Immigration Appeals' (BIA) final order affirming the Immigration Judge's (IJ) denial of his application for cancellation of removal under Immigration and Nationality Act (INA) § 240A(a), 8 U.S.C. § 1229b(a), and his motion for a continuance under 8 C.F.R. § 1003.29.  Brown argues that the BIA erred in concluding that he was ineligible for cancellation of removal because he had previously been granted a waiver of inadmissibility under the former INA § 212(c), 8 U.S.C. § 1182(c) (1996).  He contends that the order purporting to grant him the waiver was a forgery, and that the BIA erred in affirming the denial of his motion for a continuance to have an expert document examiner look at the prior decision.  He also challenges a June 15, 2017 BIA order denying his motion to reopen proceedings after he hired the expert.  As an initial matter, however, we must consider whether we have jurisdiction to consider Brown's arguments.

This court reviews its own subject matter jurisdiction de novo.  *Gonzalez-Oropeza v. U.S. Att'y Gen.*, 321 F.3d 1331, 1332 (11th Cir. 2003) (per curiam).  Ordinarily, we review the BIA decision as the final agency decision, but we also review the IJ decision if the BIA adopted it, or to the extent that the BIA expressly agreed with its reasoning.  *Ayala v. U.S. Att'y Gen.*, 605 F.3d 941, 947–48 (11th Cir. 2010); *Kazemzadeh v. U.S. Att'y Gen.*, 577 F.3d 1341, 1350 (11th Cir. 2009).  But our jurisdiction to review many BIA decisions is limited.

First, a petition for review must be filed no later than 30 days after the date of the final order of removal. INA § 242(b)(1), 8 U.S.C. § 1252(b)(1). This statutory time limit is mandatory, jurisdictional, and not subject to equitable tolling. *Chao Lin v. U.S. Att'y Gen.*, 677 F.3d 1043, 1045 (11th Cir. 2012).

Second, this court's jurisdiction to review orders of removal is further limited by INA § 242(a)(2)(C), 8 U.S.C. § 1252(a)(2)(C), which provides that "no court shall have jurisdiction to review any final order of removal against an [undocumented immigrant] who is removable by reason of having committed a criminal offense covered in [INA § 237(a)(2)(B)]."

Third, this court also lacks jurisdiction to review a discretionary decision by the BIA to deny cancellation of removal under INA § 240A(a); 8 U.S.C. § 1229b(a). *See* INA § 242(a)(2)(B)(i), 8 U.S.C. § 1252(a)(2)(B)(i); *Jimenez-Galicia v. U.S. Att'y Gen.*, 690 F.3d 1207, 1209 (11th Cir. 2012).

And lastly, we generally lack jurisdiction to consider a claim the petitioner did not first present to the BIA. INA § 242(d)(1), 8 U.S.C. § 1252(d)(1); *Amaya-Artunduaga v. U.S. Att'y Gen.*, 463 F.3d 1247, 1251 (11th Cir. 2006) (per curiam). Issues not reached by the BIA are not properly before this Court. *Gonzalez v. U.S. Att'y Gen.*, 820 F.3d 399, 403 (11th Cir. 2016) (per curiam). This Court shall decide issues presented in a petition for review only on the basis of the

administrative record on which the order of removal is based.  INA § 242(b)(4)(A), 8 U.S.C. § 1252(b)(4)(A).

Despite these jurisdictional bars, however, this court retains jurisdiction over "colorable" constitutional claims or questions of law raised in a petition for review. INA § 242(a)(2)(D), 8 U.S.C. § 1252(a)(2)(D); *see Arias v. U.S. Att'y Gen.*, 482 F.3d 1281, 1284 & n.2 (11th Cir. 2007) (per curiam).

Here, we lack jurisdiction over Brown's appeal.  As an initial matter, we lack jurisdiction to address his challenge to the BIA's June 2017 order because he did not timely file a petition for review from that order.  *See Chao Lin*, 677 F.3d at 1045.  And the "criminal alien bar" strips our jurisdiction to review the BIA's final order affirming the IJ's denial of his application for cancellation of removal because he was found removable for having been convicted of a controlled substance violation under INA § 237(a)(2)(B), 8 U.S.C. § 1227(a)(2)(B).  *See* INA § 242(a)(2)(C), 8 U.S.C. § 1252(a)(2)(C).  Brown's remaining claim regarding the alleged forgery is also barred because it does not involve a viable constitutional issue or question of law, and because it relies on evidence not in the administrative record.  *See Arias*, 482 F.3d at 1284 & n.2; *see also* 8 U.S.C. § 1252(b)(4)(A).

**PETITION DISMISSED.**