[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 17-12249
Non-Argument Calendar
_____

Agency No. A200-849-634

FERNANDA GOMES ARAUJO,
MARCOS ARAUJO,

                                                                Petitioners,

versus

U.S. ATTORNEY GENERAL,

                                                                Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____

(April 19, 2018)

Before MARCUS, WILSON, and ROSENBAUM, Circuit Judges.

PER CURIAM:

Pro se petitioners, Marcos Araujo and Fernanda Gomes Araujo (collectively, the Araujos), seek review of the Board of Immigration Appeals' (BIA) final order of removal and the denial of their fourth motion to reopen and reconsider removal proceedings. The BIA denied the Araujos' prior three motions, and we dismissed the petitions for review of those denials for lack of jurisdiction. *See Araujo v. U.S. Att'y Gen.* (*Araujo I*), No. 13-15489, slip op. at 5 (11th Cir. Aug. 19, 2014) (per curiam); *Araujo v. U.S. Att'y Gen.* (*Araujo II*), No. 15-10910, slip op. at 5 (11th Cir. Sept. 24, 2015) (per curiam); *Araujo v. U.S. Att'y Gen.* (*Araujo III*), No. 16-10562, slip op. at 2 (11th Cir. Jan. 9, 2017) (per curiam). In their current petition for review, the Araujos seem to challenge the BIA's: (1) order dismissing their appeal of the final order of removal; (2) subsequent orders denying their previous motions to reopen and reconsider the removal proceedings; and (3) the most recent order denying their fourth motion to reopen and reconsider. We dismiss the petition to the extent that we lack jurisdiction and otherwise deny the petition.

## I.

We review the BIA's denial of a motion to reconsider for abuse of discretion. *Calle v. U.S. Att'y Gen.*, 504 F.3d 1324, 1328 (11th Cir. 2007). We also review the denial of a motion to reopen for abuse of discretion. *Jiang v. U.S. Att'y Gen.*, 568 F.3d 1252, 1256 (11th Cir. 2009). However, we are obligated to

review the existence of subject matter jurisdiction sua sponte where it may be lacking.  *Cadet v. Bulger*, 377 F.3d 1173, 1179 (11th Cir. 2004).   And such review is conducted de novo.  *Gonzalez-Oropeza v. U.S. Att'y Gen.*, 321 F.3d 1331, 1332 (11th Cir. 2003) (per curiam).  Furthermore, pro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed.  *Hughes v. Lott*, 350 F.3d 1157, 1160 (11th Cir. 2003).

## II.

First, a "petition for review must be filed not later than 30 days after the date of the final order of removal."   Immigration and Nationality Act (INA) § 242(b)(1), 8 U.S.C., § 1252(b)(1).  This statutory time limit "is mandatory and jurisdictional and not subject to equitable tolling."  *Chao Lin v. U.S. Att'y Gen.*, 677 F.3d 1043, 1045 (11th Cir. 2012).  In that same vein, motions to reopen and reconsider removal proceedings do not toll the time period to petition for review of the final removal order.  *Dakane v. U.S. Atty. Gen.*, 399 F.3d 1269, 1272 n.3 (11th Cir. 2005) (per curiam).  Generally, only one motion to reconsider is allowed, and it must be filed within 30 days of the entry of the removal order. *See* INA § 240(c)(6), 8 U.S.C. § 1229a(c)(6).  Similarly, a party may generally only file one motion to reopen removal proceedings, as long as it is within 90 days of the date of the entry of the final removal order.  INA § 240(c)(7)(A), 8 U.S.C. § 1229a(c)(7).

Second, a cancellation of removal may be granted if the BIA makes a discretionary determination that removal would cause "exceptional and extremely unusual hardship to the [petitioner]'s spouse, parent, or child, who is a citizen of the United States or [a petitioner] lawfully admitted for permanent residence." INA § 240A(b)(1)(D), 8 U.S.C. § 1229b(b)(1)(D).  But we have held that 8 U.S.C. § 1252(a)(2)(B)(i) precludes appellate review of the BIA's purely discretionary determination that a petitioner has failed to satisfy the "exceptional and extremely unusual hardship" standard for cancellation of removal.  *Martinez v. U.S. Att'y Gen.*, 446 F.3d 1219, 1221–23 (11th Cir. 2006); *Gonzalez-Oropeza*, 321 F.3d at 1332–33.  We have further held that the jurisdiction-stripping provision § 1252(a)(2)(B)(i) likewise bars review of motions to reopen that rest on discretionary determinations.  *See Guzman-Munoz v. U.S. Att'y Gen.*, 733 F.3d 1311, 1313–14 (11th Cir. 2013) (per curiam).

Moreover, although the BIA may sua sponte reopen removal proceedings at any time, we do not have jurisdiction to review that decision.  *Lenis v. U.S. Att'y Gen.*, 525 F.3d 1291, 1294 (11th Cir. 2008).  However, while we lack jurisdiction to review the BIA's denial of a sua sponte reopening, we do have jurisdiction over the BIA's rejection of a motion to reopen removal proceedings as untimely, numerically barred, or for lacking new and previously unavailable evidence, as those are nondiscretionary determinations.  *Mata v. Lynch*, 576 U.S. ___, ___,135

4

S. Ct. 2150, 2154–55 (2015); *Lin v. U.S. Att'y Gen.*, No. 17-10834, slip op. at 20 (11th Cir. Jan. 31, 2018).  As far as new and previously unavailable evidence goes, the BIA can reject a motion where the petitioner fails to introduce evidence that was material and previously unavailable when the removal order was entered. 8 C.F.R. § 1003.23(b)(3); *Najjar v. Ashcroft*, 257 F.3d 1262, 1302 (11th Cir. 2001).  But as with any other case, where a petitioner fails to raise an issue on appeal, the issue is considered abandoned.  *Sepulveda v. U.S. Att'y Gen.*, 401 F.3d 1226, 1228 n.2 (11th Cir. 2005) (per curiam).

Lastly, notwithstanding the jurisdictional bar of § 1252(a)(2)(B)(i), we do have jurisdiction to review a constitutional claim or question of law raised by a petitioner.  INA § 242(a)(2)(D), 8 U.S.C. § 1252(a)(2)(D).  We have noted that we "may have jurisdiction over constitutional claims related to the BIA's decision not to exercise its sua sponte power" to reopen.  *Lenis*, 525 F.3d at 1294 n.7.  A petitioner does not raise a constitutional claim or a question of law when he challenges the BIA's affirmance of the determination that he did not establish the hardship required for cancellation of removal.  *See Alhuay v. U.S. Att'y Gen.*, 661 F.3d 534, 549–50 (11th Cir. 2011) (per curiam).  "To establish due process violations in removal proceedings, [petitioners] must show that they were deprived of liberty without due process of law, and that the asserted errors caused them substantial prejudice."  *Scheerer v. U.S. Att'y Gen.*, 513 F.3d 1244, 1253 (11th Cir.

2008) (internal quotation marks omitted).  "[T]he failure to receive relief that is purely discretionary in nature," such as the grant of a motion to reopen, "does not amount to a deprivation of a liberty interest." *Id*.

### III.

As a preliminary matter, the Araujos' petition does not challenge the BIA's determinations that their fourth motion to reopen was time- and number-barred, and therefore, they have waived review of those issues.  *See Sepulveda*, 401 F.3d at 1228 n.2.  Further, to the extent that the Araujos seek review of the BIA's final order of removal and its denial of their previous motions to reopen or reconsider the removal proceedings, we must dismiss.  We lack jurisdiction to review the Araujos' appeal of the BIA's final order of removal because they failed to timely file a petition for review.  *See Chao Lin*, 677 F.3d at 1045.  Likewise, we lack jurisdiction to review the BIA's denial of the Araujos' previous motions to reopen and reconsider because we previously dismissed those petitions for a lack of jurisdiction and are bound by the law of the case doctrine.  *Grayson v. Warden, Comm'r, Alabama DOC*, 869 F.3d 1204, 1231 (11th Cir. 2017); *Araujo III*, slip op. at 5; *Araujo II*, slip op. at 5; *Araujo I*, slip op. at 5.

Furthermore, we not only lack jurisdiction to review the BIA's decision not to sua sponte reopen the Arajuos' case, s*ee Lenis*, 525 F.3d at 1294, but also the BIA's determination not to cancel removal based on the determination that the

6

Araujos had not satisfied the "exceptional and extremely unusual" standard. *See Martinez*, 446 F.3d at 1221–23. And because the Araujos do not present any colorable constitutional claims in their petition for review, as they challenge purely discretionary decisions which do not amount to deprivations of liberty without due process of law, we cannot retain jurisdiction. *See Alhuay*, 661 F.3d at 549–50; *Scheerer*, 513 F.3d at 1253; *Arias v. U.S. Att'y Gen.*, 482 F.3d 1281, 1284 (11th Cir. 2007) (per curiam).

Further, to the extent that the Araujos argue that they were denied due process, we deny the petition. While they argue that both the Immigration Judge and the BIA erred in finding that the evidence that they offered was not new and previously unavailable evidence, the BIA did not abuse its discretion in determining that the Araujos failed to provide new evidence to warrant reopening because the evidence attached to their motion included the BIA's prior decisions and the same psychological evaluation they submitted in their initial application for withholding of removal, which did not constitute new evidence. *See Najjar*, 257 F.3d at 1302. Accordingly, the Araujos' petition is dismissed in part to the extent we lack jurisdiction and is otherwise denied.

**PETITION DISMISSED IN PART, DENIED IN PART.**

7