[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

Nos. 17-15720; 18-12315
Non-Argument Calendar
_____

Agency No. A079-343-888


ALBA LUCIA REINA BERNAL,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.


_____

Petitions for Review of a Decision of the
Board of Immigration Appeals
_____

(April 17, 2019)

Before ED CARNES, Chief Judge, MARTIN, and NEWSOM, Circuit Judges.

PER CURIAM:

Alba Lucia Reina Bernal seeks review of decisions by the Board of Immigration Appeals denying (1) her motion requesting that the BIA sua sponte reopen her removal proceedings, (2) her motion for reconsideration of the BIA's denial of her motion to reopen, and (3) her second motion for sua sponte reopening.

I.

Reina Bernal is a citizen of Colombia who came to the United States in 1999 on a non-immigrant B visa.  The next year she changed her status to that of a non-immigrant student on an F visa, and the year after that she applied for asylum.  In July 2001 the Immigration and Naturalization Services rejected her asylum application and charged her as removable for failing to comply with the conditions of her non-immigrant status.  She conceded removability before an immigration judge, but renewed her asylum claim and sought statutory withholding of removal. She argued that she had been persecuted, threatened, and beaten by members of the Revolutionary Armed Forces of Colombia (FARC) for her involvement in political campaigns and her work as an architect for a municipal planning division in Colombia.  In November 2002 the IJ denied her application and ordered removal, and Reina Bernal appealed to the BIA.  The BIA dismissed her appeal in April 2004.  She did not petition this Court for review.

2

Thirteen years later, in June 2017, Reina Bernal filed with the BIA a "motion to rescind removal order and reopen proceedings sua sponte due to eligibility for newly available relief." She stated that her attorney in the earlier proceeding had not told her of the BIA's ruling in time for her to petition this Court for review and that her marriage to a United States citizen made her newly eligible for an adjustment of status under section 245(a) of the Immigration and Nationality Act, 8 U.S.C. § 1255(a). The BIA denied the motion, stating that "becoming potentially eligible for relief from removal based on equities acquired after the issuance of the final administrative order does not constitute an exceptional situation warranting the exercise of [the Board's] discretion."

Reina Bernal petitioned this Court for review and a week later filed a motion for reconsideration with the BIA. In that motion before the BIA she cited to similar cases in which the BIA had recognized that becoming eligible for previously unavailable relief was an exceptional circumstance that warranted the reopening of removal proceedings, and she argued that her due process and equal protection rights would be violated if the BIA denied her motion when it had granted so many similar ones. She also argued, based on a 2017 Ninth Circuit decision, that there had been an intervening and fundamental change in law concerning withholding of removal and that changed political conditions in Colombia made her eligible for asylum.

3

The BIA construed that second filing as both a motion for reconsideration and a second motion to reopen, and it denied them both. It explained that the motion for reconsideration did not identify any error of law in the initial order to warrant reconsideration and that the second motion to reopen was time barred and did not qualify for an exception.

Reina Bernal again petitioned this Court for review, and we consolidated the two petitions.

II.

Reina Bernal raises a number of arguments in her petitions, but they all fall within two broad categories: (1) her contention that the BIA abused its discretion by denying her motions to sua sponte reopen her removal proceedings so she could pursue an adjustment of status based on her husband's visa petition, and (2) her contention that the BIA erred by denying her motions for statutory reopening so she could pursue asylum protection based on changed country conditions in Colombia and a change in law here. We will address each of those contentions in order, beginning with whether we have jurisdiction to consider them. See Lenis v. U.S. Att'y Gen., 525 F.3d 1291, 1292 (11th Cir. 2008) ("We are, of course, always required to address whether we have subject-matter jurisdiction."). We make that jurisdictional determination de novo. Chao Lin v. U.S. Att'y Gen., 677 F.3d 1043, 1045 (11th Cir. 2012).

4

A.

Reina Bernal first argues that the BIA's refusal to reopen her removal proceedings to allow her to pursue adjustment of status was arbitrary and capricious because the Board had granted relief to other applicants in nearly identical situations. We would ordinarily review the denial of a motion to reopen for abuse of discretion, see Jiang v. U.S. Att'y Gen., 568 F.3d 1252, 1256 (11th Cir. 2009), but we lack jurisdiction to review the BIA's denial of a motion to reopen based on its sua sponte authority, Lenis, 525 F.3d at 1292–94.

There is a possible exception. In Lenis, we left open the question whether "an appellate court may have jurisdiction over constitutional claims related to the BIA's decision not to exercise its sua sponte power." Id. at 1294 n.7. "That question still remains open." Butka v. U.S. Att'y Gen., 827 F.3d 1278, 1284 (11th Cir. 2016); see Bing Quan Lin v. U.S. Att'y Gen., 881 F.3d 860, 871 (11th Cir. 2018) ("[W]e may retain jurisdiction where constitutional claims are raised relating to the BIA's refusal to reopen sua sponte.") (emphasis added) (citing Lenis, 525 F.3d at 1294 n.7).

We need not answer that question now, though, because "[a] petitioner may not create the jurisdiction that Congress chose to remove simply by cloaking an abuse of discretion argument in constitutional garb." Arias v. U.S. Att'y Gen., 482 F.3d 1281, 1284 (11th Cir. 2007) (quotation marks omitted). And that is what

Reina Bernal has done.  She argues that the BIA violated her due process and equal protection rights because "the BIA did not offer any reason for denying [her] [motion to reopen], when record evidence demonstrates that similarly situated respondents were granted sua sponte reopening."  We do not have jurisdiction to consider this "abuse of discretion claim[] merely couched in constitutional language."  Id.

Reina Bernal also claims that she fits within another exception because whether she "established prima facie eligibility for [adjustment of status] is a question of law," which she says the Court always has jurisdiction to review.  Not so.  Our decision in Lenis forecloses her "argument that this Court could review the legal issues presented in her motion[s] to reopen, while declining to reach the question of whether the BIA should have exercised its discretionary power to grant sua sponte reopening."  Butka, 827 F.3d at 1285–86 (citing Lenis, 525 F.3d at 1292).

## B.

Reina Bernal's second argument is that the BIA abused its discretion by refusing to reopen her removal proceedings so she could pursue asylum, withholding of removal, and protection under the Convention Against Torture.  In

6

its order denying her second motion to reopen,[1] the BIA determined that the motion was untimely and did not qualify for an exception, did not include the required application for asylum, and did not include sufficient evidence to establish prima facie eligibility for asylum relief.

To the extent Reina Bernal sought a sua sponte reopening of her removal proceedings based on her asylum claims, we are, for the same reasons discussed above, without jurisdiction to review the BIA's discretionary decision. See Lenis, 525 F.3d at 1294. We also lack jurisdiction to hear her arguments about why the BIA's 2004 decision denying her asylum application was wrong. She could have petitioned this Court for review of that decision then but did not do so. It is too late for us to review it now. See Chao Lin, 677 F.3d at 1046.

We can review the BIA's denial of her motion for statutory reopening, and we do so under the abuse of discretion standard. See Butka, 827 F.3d at 1283. Ordinarily, a party may file only one motion to reopen removal proceedings, "and that motion must be filed no later than 90 days after the date on which the final administrative decision was rendered in the proceeding sought to be reopened." 8

---

[1] Reina Bernal did not mention changed country conditions or her desire to pursue an asylum claim in her initial motion to reopen filed June 28, 2017. To the extent any of her current asylum arguments are based on the BIA's decision to deny that motion, we are without jurisdiction to review them because she did not present them to the BIA. See Amaya-Artunduaga v. U.S. Att'y Gen., 463 F.3d 1247, 1250 (11th Cir. 2006) ("We lack jurisdiction to consider a claim raised in a petition for review unless the petitioner has exhausted h[er] administrative remedies with respect thereto.").

C.F.R. § 1003.2(c)(2); see 8 U.S.C. § 1229a(c)(7)(C)(i). That makes Reina Bernal's motion about 13 years too late.

Those time and numerical limitations do not apply if the motion to reopen is to pursue asylum and is "predicated on changed country conditions . . . [that] are material and could not have been discovered at the time of the removal proceedings." Jiang, 568 F.3d at 1256; see 8 U.S.C. § 1229a(c)(7)(C)(ii); 8 C.F.R. § 1003.2(c)(3)(ii). "An alien who attempts to show that the evidence is material bears a heavy burden and must present evidence that demonstrates that, if the proceedings were opened, the new evidence would likely change the result in the case." Jiang, 568 F.3d at 1256–57. Reina Bernal argues that she met this requirement by attaching to her motion to reconsider news reports about the 2016 Colombian peace accord with FARC and statements by the U.S. ambassador that FARC was not complying with its obligations under that agreement. The BIA found that this evidence was insufficient to meet the timing exception or to establish prima facie eligibility for asylum. We cannot say that those determinations constituted an abuse of discretion. See Bing Quan Lin, 881 F.3d at 872–73 (explaining that we "afford[] significant discretion" to decisions denying a motion to reopen immigration proceedings and that "going beyond the numerical and time bars, the BIA may deny a motion for . . . failure to establish a prima facie case").

8

The same result is true of Reina Bernal's other timeliness argument.  That argument relies on 8 C.F.R. § 1208.4(a)(4)(i)(B), which permits asylum applications to be filed out of time if there are "[c]hanges in the applicant's circumstances that materially affect the applicant's eligibility for asylum, including changes in applicable U.S. law . . . ."  Id.  Reina Bernal cites an out-of-circuit case, Barajas-Romero v. Lynch, 846 F.3d 351, 358 & n.11 (9th Cir. 2017), to argue that the law governing asylum petitions has changed and that this change would affect her petition.  But as the BIA recognized in its order denying her motion, that case, "arising in the jurisdiction of the United States Court of Appeals for the Ninth Circuit . . . is not binding in these proceedings, which arise in the Eleventh Circuit."  That determination was not an abuse of discretion, nor was it, as Reina Bernal also asserts, otherwise unreasoned.  See Jeune v. U.S. Att'y Gen., 810 F.3d 792, 803 (11th Cir. 2016) ("A reasoned-consideration examination . . . looks to see whether the agency has considered the issues raised and announced its decision in terms sufficient to enable a reviewing court to perceive that it has heard and thought and not merely reacted.") (alterations and quotation marks omitted).

### III.

To the extent that Reina Bernal seeks review of unexhausted claims, her underlying order of removal, or the BIA's denial of her motion to reopen based on

its <u>sua</u> <u>sponte</u> authority, we dismiss the petitions for lack of jurisdiction.  We deny

the petitions as to whatever claims or parts of claims are left.

**PETITIONS DISMISSED IN PART and DENIED IN PART.**