[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 19-13829
Non-Argument Calendar

_____

Agency No. A215-820-223

CESAR J. LUNA-FLORES,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

(May 24, 2021)

Before BRANCH, LAGOA, and BRASHER, Circuit Judges.

PER CURIAM:

Cesar J. Luna-Flores seeks review of the Board of Immigration Appeals's (the "BIA") decision to not reinstate his withdrawn appeal of an immigration judge's order denying him asylum. After Luna-Flores filed his petition for review, the government moved to dismiss the petition, arguing that this Court lacks jurisdiction to review a non-final order of removal. While we cannot agree with the government's rationale in its motion to dismiss, we nevertheless dismiss this petition for lack of jurisdiction because a decision not to reopen a withdrawn appeal is a matter committed to the BIA's discretion without meaningful standards for our review.

## I.    FACUTAL AND PROCEDURAL BACKGROUND

Luna-Flores is a native and citizen of Mexico who entered the United States without a valid entry document and applied for admission at San Ysidro, California, on November 6, 2018. The Department of Homeland Security ("DHS") took him into custody. On December 7, 2018, DHS issued Luna-Flores a notice to appear, which charged him as removable pursuant to 8 U.S.C. § 1182(a)(7)(A)(i)(I), which addresses immigrants who, at the time of application of admission, are not in possession of a valid immigration document.

On April 9, 2019, Luna-Flores applied for asylum and withholding of removal, seeking protection based on his political opinion and membership in a particular social group as well as protection under the United Nations Convention

2

Against Torture ("CAT").  However, on April 23, 2019, he withdrew his application pursuant to 8 U.S.C. § 1225(a)(4) and requested to be removed to Mexico.  The immigration judge then ordered Luna-Flores's deportation to Mexico on April 24, 2019.  Luna-Flores, however, appealed the decision to the BIA.

On May 14, 2019, Luna-Flores's attorney emailed DHS asking why Luna-Flores had not yet been deported despite the immigration judge's removal order. The email stated that Luna-Flores "request[ed] that he be removed to Mexico as expeditiously as possible" mainly because of "the intolerable conditions" at the immigration detention center where DHS housed him.  The next day, a DHS official replied that Immigration and Customs Enforcement ("ICE") "cannot remove him to Mexico until a decision has been rendered by the BIA," as Luna-Flores had appealed the immigration judge's decision.  The official also offered to address any specific concerns about the detention center conditions.  Hours later, Luna-Flores's attorney replied to the official's email, arguing that his client's case fell into an exception to the general rule staying removals pending appeal.  The record does not indicate whether DHS responded to the attorney's reply.

Then, on May 28, 2019, Luna-Flores filed a motion to withdraw his appeal pending before the BIA.  Three days later, the BIA returned the record to the immigration court.  On approximately June 7, 2019, Luna-Flores was removed to Mexico.

On June 24, 2019, DHS received Luna-Flores's motion to reinstate his appeal. In this motion, Luna-Flores explained that he withdrew his prior appeal because he was "[t]ired of waiting for ICE's decision on whether it would release him from its custody to effect his removal, as well as fed-up with the intolerable and unfairly inadequate administrative system of immigration injustice." He further argued that by refusing to remove Luna-Flores during the pendency of his administrative appeal, DHS "coercively pressured [him] into withdrawing [the appeal] in exchange for his right to assert, pursue and obtain" freedom from detention.

On September 3, 2019, the BIA denied his motion to reinstate his appeal. The BIA reasoned that Luna-Flores's motion did not show that he was coerced or the subject of undue influence as to his decision to withdraw the appeal. Instead, his withdrawl "reflected his unwillingness to remain in ICE custody pending the adjudication of the appeal." Furthermore, the BIA found that because Luna-Flores "expressed an understanding that the withdrawal might result in detriment, . . . the request to withdraw was voluntary and knowing." Luna-Flores filed this timely petition for review, and, in November 2019, the government moved to dismiss the petition for lack of jurisdiction, which we carried with the case.

## II.    STANDARD OF REVIEW

We review our own subject-matter jurisdiction *de novo*. *Chao Lin v. U.S. Att'y Gen.*, 677 F.3d 1043, 1045 (11th Cir. 2012). When jurisdiction exists, we

review the BIA's denial of a motion to reopen or a motion for reconsideration for an abuse of discretion. *See Chacku v. U.S. Att'y Gen.*, 555 F.3d 1281, 1286 (11th Cir. 2008). We review constitutional challenges, including due process violations, *de novo*. *Alhuay v. U.S. Att'y Gen.*, 661 F.3d 534, 548 (11th Cir. 2011).

## III.    ANALYSIS

In his petition for review, Luna-Flores argues that the BIA erred in not allowing him to reinstate his appeal given his perceived need to return to Mexico rather than stay at an immigration detention facility while his appeal was pending. In response, the government argues that this Court does not have jurisdiction to consider these issues because the decision on review is not a final order of a removal and because it was a discretionary agency decision that is not governed by any statutory or regulatory standards. We address each of the government's arguments in turn.

Under the Immigration and Nationality Act (the "INA"), we generally have jurisdiction to review final orders of removal. *See* 8 U.S.C. § 1252(a)(1), (b)(9); *Jaggernauth v. U.S. Att'y Gen.*, 432 F.3d 1346, 1350 (11th Cir. 2005). An order of removal becomes final when the BIA affirms the order, or when an applicant fails to appeal the immigration judge's decision within thirty days. 8 U.S.C. § 1101(a)(47)(B); *id*. § 1158(d)(5)(A)(iv). If an asylum seeker withdraws an appeal

5

from the BIA, the immigration judge's order becomes final "as if no appeal had been taken." 8 C.F.R. § 1003.4 (2019).

The government argues that we should dismiss the petition for review because, after Luna-Flores withdrew his appeal and the BIA returned the record to the immigration court, the immigration judge's April 24, 2019, decision became a final order of removal, and Luna-Flores "cannot now petition for review of the Board's September 3, 2019[,] decision denying his motion to reinstate his appeal of the immigration judge's decision as it is not a final order of removal." This Court, however, has stated that jurisdiction to consider final orders of removal implicitly includes jurisdiction to consider motions to reopen any such final order. *Patel v. U.S. Att'y. Gen.*, 334 F.3d 1259, 1261 (11th Cir. 2003); *see also* 8 U.S.C. § 1229a(c)(7). Therefore, we will not dismiss the petition for review on this basis.

After DHS removed Luna-Flores to Mexico, he moved to reinstate his appeal before the BIA. While the INA and its implementing regulations do not specifically address or authorize an asylum seeker's motion to reinstate an appeal, the BIA "may at any time reopen or reconsider on its own motion any case in which it has rendered a decision." 8 C.F.R. § 1003.2(a) (2019). This authority under § 1003.2(a), however, "is committed to agency discretion by law," and we therefore lack jurisdiction to review the BIA's decision to deny Luna-Flores's motion to reinstate

6

his appeal. *See Lenis v. U.S. Att'y. Gen.*, 525 F.3d 1291, 1294 (11th Cir. 2008).

Accordingly, we dismiss the petition for lack of jurisdiction.

**DISMISSED.**